The Louisville, New Albany and Chicago Railway Company v. Wolfe.

Filed May 23, 1891.

----◆----

No. 14,832.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. WOLFE.

COMMON CARRIER.—*Falsely Charging Passenger Concerning Payment of His
Fare.—Misconduct of Passenger in Heat of Passion.—Ejecting.*—A railroad
company can not justify the act of its conductor in expelling a pas-
senger, who has paid his fare, on account of his having, in the heat of
passion, when he was falsely charged with the failure to pay, used im-
proper language, such as swearing in the presence of female and other
passengers in a loud tone of voice.

SAME.—*Ejecting Passenger.—Damages Occasioned by Passenger Resisting.*—A
passenger lawfully in a car, who is illegally and wrongfully ejected,
may recover for the damages occasioned to his person by his making a
reasonable resistance to prevent his removal.

DAMAGES.—*When Exemplary May be Given.*—Exemplary damages may be
given when malice and oppression weigh in the controversy, and the
act is not punishable as a crime.

From the Harrison Circuit Court.

*C. L. Jewett, H. E. Jewett, E. C. Field, D. J. Wile* and *S. O. Pickens*, for appellant.

*A. Dowling*, for appellee.

OLDS, C. J.—This is an action by the appellee against the appellant for being wrongfully expelled from the appellant's train by its servants, with force and violence, under humiliating circumstances.   Issues were joined on the complaint by a general denial and answers in justification, one alleging the non-payment of fare, and the other non-payment of fare and the use of profane and indecent language, and that he was guilty of disorderly conduct.   The appellee replied in denial to the answers in justification.   There was a trial by jury, and a verdict in favor of the appellee for $1,500 damages.   The jury also returned answers to special interrogatories.   Appellant moved for judgment on the interrogatories and answers, also for a new trial, and to modify the judgment, all of which motions were overruled, and judgment rendered on the verdict.

Appellant's counsel discuss three propositions:

*First.*  That appellee by his conduct and language forfeited his right to be carried as a passenger, and appellant had the lawful right to eject him from the train.

*Second.*  That the damages are excessive, and

*Third.*  That the court erred in the instruction given in relation to damages.

The jury, by their answers to interrogatories, find that appellee, on August 29th, 1887, purchased a ticket at New Albany for passage on appellant's train from New Albany to Mitchell, Indiana, and on said day he took passage on appellant's train for Mitchell, and on demand of the conductor surrendered his ticket ; that the conductor demanded fare or a ticket twice before stopping the train to put appellee off, and the train was stopped, not at a regular station or stopping place, to put him off ; that the train was stopped before any effort was made to eject appellee, and before he was put off

the train he said to the conductor: "If you say I did not give you a ticket you are a God-damned lying son-of-a-bitch;" that the words were spoken in a loud voice, and there were ladies in the car at the time; that when the trainmen undertook to put the appellee off the train he resisted and struggled and attempted to hold on to the seats in the car, and while so resisting he was injured about the arms and hands, and this was all the physical injuries he received.

It is insisted that these facts entitled the appellant to a judgment, notwithstanding the general verdict, on the theory that the appellee by the use of the profane and improper language in a loud tone in the presence of the lady passengers, forfeited his right to be carried as a passenger, and the conductor had the right to stop the train and put him off. It is assumed in the argument that this finding of facts shows the appellee to have used this improper language before the train was stopped for the purpose of putting him off, but this assumption is not warranted by the finding. The finding is that he used this language " just before he was put off of defendant's train."

We do not think it presents the proposition discussed by counsel, viz., that if a passenger delivers to a conductor a ticket, or pays his fare, and afterwards the conductor calls upon him to again pay his fare, and disputes the first payment, and a dispute arises in which the conductor demands fare and the passenger refuses to pay it on the ground that he has once paid, but in his refusal he becomes boisterous and is guilty of unbecoming conduct, or the use of vulgar, obscene and profane language, he forfeits his right to be carried further, notwithstanding he has paid his fare; and the conductor may stop the train and expel him without liability. For aught that appears in the finding in this case, the appellee may have conducted himself in a perfectly civil and gentlemanly manner until the train was stopped, and the employees of the appellant had taken hold of him

and a struggle ensued, and the appellee taken from his seat, and that it was just as he was about to be finally ejected from the car when he used the language. If such were the facts,—and they may have been for aught that appears from the finding,—it would present a very different case than if the language was used in the first instance; for in such a case as we have put it would be clear that the language used had nothing to do with the ejectment from the train. It would be clearly apparent, under such a state of facts, that he would have been ejected without regard to the use of the language. But, conceding that the language was used before the train was stopped, it does not appear that he was ejected on account of the vile language used. It is undoubtedly true that a passenger by a breach of decorum, either by his acts or his language, may forfeit his right to be carried as a passenger, and may be expelled from the train notwithstanding he has paid his fare, and this may be true even if he be led to such breach by reason of an insult offered him by an employee of the company.

A wanton insult or false accusation often causes a sudden outburst of temper and the use of language which one in an instant after regrets, and feels the mortification more keenly than do those in whose presence it is uttered. One who utters language in a heat of passion caused by a sudden and wanton insult and unexpected charge against his truthfulness and honesty, must be dealt with more leniently than if the language is used deliberately, without provocation, or after reasonable time for second thought and opportunity to bridle and control his passion. The fact that a false and slanderous charge is made in the heat of passion may be proven in mitigation of damages. If a conductor, after having received a ticket for fare from a passenger should return to him and falsely deny having collected his fare or received a ticket, and demand pay again, and it is refused, and the conductor should abandon any further effort to collect again the fare or refrain from making any threats of putting him off the

The Louisville, New Albany and Chicago Railway Company *v.* Wolfe.

train, and the passenger, after having reasonable time to control himself, should persist in the use of profane or indecent language, to the annoyance of other passengers, he would no doubt violate his right to be carried, at least if the unearned fare was tendered back to him. But the company can not justify the act of the conductor in expelling a passenger, who has paid his fare, on account of his having in the heat of passion, when he was falsely charged with the failure to pay, used improper language such as was used in this case in response to such false charge, even though it was heard by other passengers. The wrong committed by the passenger was provoked by the conductor. It does not lie in the mouth of the appellant to say : "True, you paid your fare. You had the right to be carried. But when the conductor falsely charged you, in the presence of the other passengers, with not having paid your fare, and demanded that you again pay fare or he would stop the train and put you off, you became angry ; you used improper language to the conductor in the presence of lady passengers." If the theory contended for by the appellant be the true one, then it would be an inducement for the employees of railroad companies, under such circumstances, to wantonly and purposely address the passenger in such a manner as to provoke him to the use of bad language or bad conduct, as affording an excuse in case he refused to pay a second time to eject him from the train. The damages sued for accrued on account of an injury on the part of the employee of the appellant to the appellee. The offence committed by the appellee is against the other passengers. He was provoked to the commission of it by the act of the employee of the appellant in falsely accusing him, in the presence of the other passengers, of not having paid his fare. Certainly the company ought not to defend against the unlawful act of their agent on account of such unlawful act having provoked a breach of decorum, or even a breach of the peace on the part of the appellee.

It is true the language used was unjustifiable, and was an insult to those in whose presence it was uttered, but it is evidently the fact that this breach of decorum was provoked and caused by an insult offered by the conductor to the appellee in the presence of the passengers, and we see no just reason why, under such circumstances, it should operate as a defence to appellee's right of action, and bar him from a recovery.

It is next contended that the verdict is excessive, for the reason that the jury found that all the physical injuries inflicted were caused by the appellee resisting, and that he can not recover for an injury caused by his resistance. There is nothing to show that the jury did include any damages for the injury occurring by reason of appellee's resistance, but the appellee being lawfully in the car, and having paid his fare, he had the right to be carried, and had the right to make reasonable resistance, as he did, by holding on to the seats, and he was forced loose and taken from the car; and for such damages as he sustained on account of such removal from the car the appellant is liable. *English* v. *Delaware, etc., Canal Co.,* 66 N. Y. 454; *Southern Kansas, etc., R. W. Co.* v. *Rice,* 38 Kansas, 398; *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Chicago, etc., R. R. Co.* v. *Holdridge,* 118 Ind. 281.

Some objection is made to the giving of the seventh instruction, and the refusal to give instruction seventh asked by appellant. We have examined these instructions, and think there is no available error in the instruction given. It is evident the jury was not misled by any technical error in the language used, even if it is erroneous. The instruction relates to the right to give exemplary damages, and there was some evidence which, if true, authorized the assessment of exemplary damages. *Jeffersonville R. R. Co.* v. *Rogers,* 38 Ind. 116. Where the offence is not punishable by the criminal law, and malice or oppression weigh in the controversy, exemplary or vindictive damages may be as-

sessed. What we have said as to the other alleged errors disposes of the question presented by the instruction refused.

It is further contended that a new trial should have been granted by reason of accident and surprise on account of an absent witness. There is no diligence shown; no application for a continuance, and the evidence is merely cumulative.

There is no error in the record.

Judgment affirmed at costs of appellant.

