Filed October 13, 1892.

---

No. 569.

## THE CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY *v.* CONLEY.

RAILROAD.—*Passenger Ticket.—Soiled or Changed in Appearance.—Otherwise Good.—Explanations.—Duty of Conductor to Hear.—Refusal to Accept.—Extra Fare.—Damages.—Injury to Feelings.*—A person purchased a coupon, or round trip, railroad ticket, which was regular and good in every respect, and the conductor took up the going coupon, and in less than one month from the date of purchase of said ticket the return coupon was presented for a passage from and to the stations named therein respectively, but said coupon having been, by mistake or inadvertence, subjected to moisture, changed its color from blue to almost white, and for that reason the conductor refused to accept said ticket as a right to a passage, believing it not to be genuine, and also refused to hear any explanations from the passenger concerning the coupon, and with threats of ejecting him, and with humiliating language, compelled said passenger to pay full fare between the points mentioned in said coupon.

*Quære,* was the passenger entitled to a passage on said coupon, and, if so, was he entitled to damages in excess of the extra fare?

*Held,* that where a passenger has a ticket which, in fact, is genuine, and entitles him to be carried, but is somewhat soiled or changed in its general appearance, it is the duty of the conductor to hear any explanations the passenger may offer to make, and consider them in connection with said ticket for the purpose of determining the rights of the passenger.

*Held,* also, that the passenger is entitled to recover, beyond the amount extorted from him, for his feelings of shame and humiliation suffered by him in the presence of other passengers.

From the Vermillion Circuit Court.

*W. H. Layford, C. W. Ward* and *O. B. Gibson,* for appellant.

*J. C. Sawyer,* for appellee.

NEW, J.—This action was instituted by the appellee to recover damages for the wrongful act of the appellant's servant, in refusing to accept a genuine ticket from appellee, and requiring him to pay extra fare to avoid being ejected from appellant's train. The cause was put at issue and tried by the court upon an agreed statement of facts.

The court made a special finding of facts and stated its conclusions of law thereon. Over appellant's exception to the conclusion of law and its motion for a new trial the court rendered judgment for the appellee.

The appellant appeals, assigning as errors:

*First.* The court erred in its conclusions of law on the special findings.

*Second.* The court erred in overruling the motion for a new trial.

The facts specially found by the court are as follows:

*First.* That on the 3d day of June, 1891, the defendant, by its regular ticket agent at Newport, Vermillion county, Indiana, sold the plaintiff a first-class passenger ticket from said station of Newport to the city of Terre Haute, Vigo county, Indiana, with a return coupon to said station of Newport attached (being what is commonly called a round-trip ticket), for which the plaintiff paid said agent at the time the sum of one dollar and seventy cents, the regular price or fare for such ticket; that said stations of Newport and Terre Haute are regular stopping places upon defendant's railroad for receiving and discharging passengers.

*Second.* That said ticket and said return coupon were regularly issued in good condition, and said coupon was colored blue, and that said color was not a fast color; that it was stamped upon the back with defendant company's stamp, which stamp mark was dated June 2d, 1891.

*Third.* That on the 3d day of June, 1891, plaintiff boarded one of defendant's regular passenger trains at said station of Newport and took passage for said city of

Terre Haute; that he delivered to defendant's regular conductor on said train said ticket; that said conductor detached therefrom said return coupon and gave it to plaintiff in good condition, who placed the same in his vest pocket.

*Fourth.* That while in the city of Terre Haute the plaintiff left said vest at one J. F. Ermisch's dye and repair shop to have it dyed; that he forgot to take said coupon from said vest pocket; that the same evening plaintiff boarded defendant's regular passenger train for Newport; that when the conductor of said train called for his ticket, plaintiff discovered that he had left the same in said vest.

*Fifth.* That afterwards, on the 24th day of June, 1891, and within less than one month from the date upon which he had purchased said ticket, and within less than one month from the date stamped upon the back of said ticket by defendant's agent at Newport, plaintiff boarded defendant's passenger train at said City of Terre Haute and took passage for said station of Newport, both being regular stopping places for receiving and discharging passengers to and from said train; that defendant's conductor called upon plaintiff for his ticket and plaintiff presented and offered to said conductor such return coupon, which had been kept and handed plaintiff by said J. F. Ermisch that day; that said Ermisch had discovered said coupon in said vest pocket while washing said vest, and had taken it out; that said ticket being wet at the time, the paper on one side came off; that he pasted the same back on and dried and kept said ticket as stated, and gave the same to the plaintiff; that the blue on said ticket had faded out by reason of said ticket having been wet as aforesaid and left said ticket white; that said stamp and writing thereon remained plain, as shown by said ticket; that said conductor refused to accept said ticket and demanded of the plaintiff to explain who had the

other part thereof; that plaintiff told said conductor it had been delivered to him; that the plaintiff had given it to the said conductor, and that said conductor himself had detached it and kept it and returned said coupon part of said ticket to plaintiff; that these statements of plaintiff were true; that thereupon said conductor declared that what plaintiff said was not true, and that plaintiff had not given him the other part of said ticket; that said coupon was not good and plaintiff must pay his fare or get off the train; that plaintiff then offered to explain the circumstances so that said conductor would remember taking up said ticket, but that said conductor impatiently and positively said that he did not want any explanations —that plaintiff must pay or get off; that plaintiff protested and explained the circumstances to said conductor, except that nothing was said about said coupon having been wet, for the reason that plaintiff did not know that fact at the time; that plaintiff knew that such coupons were usually blue; that plaintiff then told said conductor that he had paid full price for said ticket and was entitled to be carried on it, and that the ticket was all right; that the said conductor refused to listen to plaintiff, and demanded that he at once get off the train; that the plaintiff refused, and the train having stopped, said conductor said he would bring his men and put plaintiff off; that he seized plaintiff's baggage to carry it off; that at the time plaintiff had with him his little boy, who was an unusually diffident and timid child; that said boy had just been sick and was very feeble and worn out with the trip to the city; that plaintiff, by reason of said child's extreme diffidence and because of the alarm that would, in plaintiff's opinion, be given said child by an ejectment of plaintiff, his father, from the train, was afraid to leave him alone on said train or with others to care for him; that by reason of the physical condition of said child at that time, plaintiff feared to take him off the train at that

place, it being a country place, and the plaintiff not knowing how he would be able to get home with said child, they then being more than twenty-five miles from their home at Newport; that plaintiff, for these reasons and to avoid forcible ejectment from said train, and under protest, paid said conductor full fare from said city of Terre Haute to the said station of Newport, to wit: the sum of ninety-three cents, regular fare, and the sum of seven cents additional fare because the plaintiff had no ticket, as said conductor claimed.

*Sixth.* That there were at the time a large number of respectable passengers on said train in the same coach with plaintiff; that their attention was called to said controversy by the strong language used by said conductor; that most of said passengers were strangers to plaintiff.

*Seventh.* That the plaintiff was very greatly chagrined, humiliated and annoyed by being compelled to pay said fare under said circumstances.

*Eighth.* That the plaintiff was and is an honest and respectable citizen of good character and reputation, and that he said and done nothing to provoke the said action of the said conductor; that plaintiff used no improper or profane language on said occasion.

*Ninth.* That said coupon ticket had printed on its face the following figures and letters: "210—C. & E. I. R. R. —Terre Haute to Newport. Good only one month from date of sale." Stamped on back, "C. L. Stone, Asst. Gen. Pass. and Tkt. Agt.," and on the back thereof there was stamped, with circular stamp, the words and figures, to wit: "C. & E. I. R. R., June 2d, 1891, Newport, Ind." That return coupons, such as this one, were usually printed on blue card paper; that said coupon, when presented to said conductor, was on white or light color; that the printing and stamping on said coupon ticket was in the usual form and language and figures; that a regular ticket with coupon attached, issued at said station of Newport,

for round trip to said city of Terre Haute and return would be as follows: On the coupon end thereof, printed on blue, the number of said ticket and the letters and words, " C. & E. I. R. R.—Terre Haute to Newport. Good only one month from the date of sale." Stamped on back, " C. L. Stone, Asst. Gen. Pass. and Tkt. Agt.," and on the end, printed on white, the same number, with these words and letters: " C. & E. I. R. R.—Newport to Terre Haute. Not good if detached from portion bearing signature." On the back of each end, on white, stamped with circular stamp, the words and letters, " C. & E. I. R. R., Newport, Ind.," with date of month, day of month and year in which the same was issued. That it was agreed on the trial that such a ticket was genuine, and the same was submitted in evidence.

*Tenth.* That said conductor refused to take said coupon and allow plaintiff to ride on said train because he believed said coupon was not genuine; that his belief was founded upon the fact that said coupon was white at the time it was presented, instead of blue, blue being the original color, and also because of the general appearance of said coupon.

Upon the facts found the court determined, as a matter of law, that the plaintiff was entitled to recover damages, and rendered judgment in his favor in the sum of two hundred dollars and for costs.

Appellant's counsel do not discuss in their brief the second error assigned, the only question for our consideration being, did the court err in its conclusion of law?

This question must be answered in the negative.

The appellee was rightfully upon the appellant's car, with a ticket in his possession that he had purchased from appellant's agent, entitling him to be carried on said train from said city of Terre Haute to said station of Newport. He had entered into a contract with said company that for the amount paid by him they would carry

him between said points, and said company had given him said ticket as evidence of said contract. His ticket was in fact a genuine ticket, and so showed upon its face in all respects, except the original color, which was blue, had faded on account of being wet, so that it was white, or of a light color, and the general appearance of said ticket showed the effect of the water upon it. While it is true that it was on account of the appellee leaving his said ticket in his vest pocket, when he left said vest at the dye house, that its color was changed, he was not compelled to abandon his rights under his contract with the company simply because his ticket (the evidence of said contract) was somewhat soiled.

If his ticket had been lost or so changed and mutilated that it was no longer evidence of said contract, then he would not have been entitled to ride on said train without paying his fare, but would have suffered the loss caused by his own neglect and oversight; but having his ticket, with all the printing and the stamp of said company plainly impressed upon it, showing that he had the right to be carried on said company's train, he had a right to present his ticket to said conductor, and, when the same was questioned, he had a right to explain any circumstances, fact or transaction that would assist said conductor in determining that said ticket was genuine; and it was the duty of said conductor to give said passenger an opportunity to explain to him that he himself had taken up, on a former occasion, the other part of said ticket.

Counsel for appellant argue in their brief that " as between the conductor and passenger, the ticket is the only evidence of the passenger's right to a passage," and in support of this proposition they cite 2 Wood's Railway Law, page 1407, note 4; also, page 350.

Thompson on Carriers of Passengers, page 337, section 3, in which it is said, " The conductor can not be expected

to accept explanations of a passenger in regard to an improper ticket which he produces." "It is better and more reasonable that the passenger should now and then have to suffer the consequences of his own want of care than that a system be rendered impracticable which seems necessary to the transaction of this important branch of business."

It is true that where the passenger has no ticket, or has a ticket so imperfect that it furnishes no sufficient evidence of being genuine, and the conductor has nothing to determine the passenger's rights from except his explanations, he is not bound to take the same as true unless his failure to have a ticket, or a perfect ticket, was due to the company's fault, it being plain that such a rule would enable persons to avoid paying their fare; but if the passenger has a ticket which, in fact, is genuine and entitles him to be carried, but is somewhat soiled or changed in its general appearance, it is the duty of the conductor to hear any explanations the passenger may offer to make, and consider said explanations in connection with said ticket for the purpose of determining the rights of the passenger. This rule is recognized by our courts.

In the case of the *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381, where the conductor refused to accept the passenger's ticket, the following language is used: "But he refused to accept the ticket offered by the appellee, stopped the train, commanded the latter to get off, placed his hand on appellee's shoulder and conducted him to the steps of the car; this was done in the presence of several passengers, against the protestations of the appellee and in disregard of his statements and explanations."

In said case of *Lake Erie, etc., R. W. Co.* v. *Fix, supra*, the passenger had purchased a round trip ticket and the conductor had retained the return coupon, on the going trip, by mistake, and the passenger did not discover the mistake until he presented to the conductor, on his return

The Chicago & Eastern Illinois Railroad Co. *v.* Conley.

trip, the going coupon that he had retained instead of the return coupon, the court held that, under such circumstances, the passenger had the right to be carried on his return trip, on presenting the going coupon with proper explanations.

It is also recognized in the case of the *Pennsylvania Co.* v. *Bray*, 125 Ind. 229, that the passenger has the right to make any explanations that will assist in determining his rights.

Counsel for appellant contend that the appellee can not recover, if at all, more than the one dollar paid as extra fare.

Where a passenger is rightfully upon a train with a ticket that entitles him to be carried to the point he claims, and for some reason the conductor disputes and refuses to accept said ticket, and requires him to pay extra fare to avoid being ejected from the car, all of which takes place in the presence of other persons, in such a way as to call their attention to the dispute or controversy, he is entitled to recover for the feelings of humiliation and shame suffered by him. *Lake Erie, etc., R. W. Co.* v. *Fix, supra; Chicago, etc., R. R. Co.* v. *Holdridge*, 118 Ind. 281; *Pennsylvania Co.* v. *Bray, supra.*

The conclusion of law reached by the court upon the facts found was right.

The judgment is affirmed.

Filed October 26, 1892.

## ON PETITION FOR A REHEARING.

NEW, J.—A petition for a rehearing has been filed and counsel for the appellant insist that the same should be granted, for the reason that the amount of damages allowed is excessive, and that the appellee should not recover beyond the actual damage, or the extra fare he was required to pay.

This point was fully considered and passed upon in the principal opinion heretofore rendered by this court. We believe now, as we did then, that in estimating the damages in such a case it is proper to consider the humiliation imposed upon the passenger·by the wrong done him; and that two hundred dollars damages are not excessive compensation under the circumstances in this case. The authorities heretofore cited fully support the conclusion we have reached.

The petition for a rehearing is overruled.

Filed December 30, 1892.