No. 1,334.

THE CHICAGO AND ERIE RAILROAD COMPANY *v.* AULT.

RAILROAD.—*Expulsion of Passenger.*—*Ticket.*—*Validity of.*—*Evidence.*
—Where, in an action by a passenger to recover for an expulsion
from a train, there is a question upon the trial as to the validity
of the ticket offered by the passenger, it is competent for the con-
ductor of the train to testify as to whether or not such ticket was,
as to size and shape, such as was issued by the defendant during
the period within which it was claimed to have been purchased.

From the Adams Circuit Court.

*O. Gresham, J. F. Mann* and *A. P. Beatty,* for appel-
lant.

*J. W. Teeple, J. T. France* and *J. T. Merryman,* for
appellee.

REINHARD, J.—The appellee sued the appellant and
recovered judgment for $80 damages for being wrongfully
ejected from appellant's train by the conductor.

The only error assigned is the overruling of the appel-
lant's motion for a new trial.

The complaint proceeds upon the theory that the ap-
pellee purchased of the appellant a first class, round-trip
ticket from its station at Rivarre, Indiana, to the city of
Decatur, Indiana, a distance of about five miles, for
which appellee paid the appellant the price of twenty-
five cents, and which ticket had attached to it a return
coupon; that while on appellant's train from Decatur
to Rivarre, as a passenger, the appellee offered said ticket
to the appellant's conductor, who refused to accept the
same, and wrongfully ejected the appellee from the
train.

There are some averments, also, to the effect that ap-
pellee tendered the conductor, in money, the usual fare
between said stations, but the averments clearly show

that such tender was not made until after the conductor had caused the train to stop, and it is conceded by appellee's counsel that the gist of the pleading is the tender and refusal of a valid ticket, and the unlawful expulsion from the train upon the ground that the ticket was invalid.

It is strenuously insisted that the uncontradicted evidence is such that no verdict for the appellee could be based upon it and stand. While the evidence is very unsatisfactory, we can not say that it is wholly insufficient to support the verdict.

The appellee testified that he purchased of the appellant's station agent at Rivarre a first class round trip ticket from Rivarre to Decatur and return, and paid him therefor the regular fare of twenty-five cents, and that it was the return coupon of this ticket which he tendered to the appellant's conductor, but which the latter refused to accept. True, the conductor and other witnesses strongly contradicted the appellee, and testified positively that the ticket presented by the appellee was an old "C. & A." limited ticket, issued while the Chicago and Atlantic Railway Company was operating the road, and the limit of which had long before then expired. It was also shown that the appellee exhibited to a fellow passenger just such a ticket as the conductor testified the appellee presented to him, and boasted that he intended to ride to Rivarre on this ticket or have some fun with the conductor about it; that it was an old "C. & A." ticket, dated in 1888, and limited to thirty days.

While it must be admitted that the evidence seemed to preponderate very strongly in favor of the appellant, it was for the jury to determine which of these witnesses had stated the truth, and if the trial court deemed the evidence unsatisfactory, it was its duty to set aside the

verdict and grant a new trial. We must presume that the court and jury discharged their duty; and although the evidence appears far from satisfactory to us, we can not disturb the verdict and judgment on account of the insufficiency of the evidence.

On the trial the conductor who ejected the appellee from the train was a witness in behalf of appellant, and while on the stand was asked by appellant's counsel whether or not the return coupon presented to him by the appellee, on the 29th day of April, 1893, the day upon which the appellee was ejected from the train, was a ticket, as to size and shape, such as was issued by the Chicago and Erie Railway Company, at its station at Rivarre, in April, 1893, and for several months prior thereto, entitling the purchaser to passage from Rivarre to Decatur, and from Decatur to Rivarre? Upon objection this proposed testimony was excluded, and the appellant excepted. It was proposed to show by this witness that the ticket appellee offered him on this occasion was such a ticket as had not been issued by the appellant at its station at Rivarre subsequently to the year 1890, and was not like the tickets issued by said company at such station in the year 1893, and for several months before then.

Appellee's counsel contend that the question and answer implied a comparison of tickets and coupons, and the giving of an opinion by the witness as to the result of such comparison, and that this was improper. To this contention of counsel we are unable to yield our assent. The witness was the conductor, as we have seen, and presumably acquainted with the kind of tickets issued by the appellant on his run. The appellee had testified to the purchasing of the ticket presented by him to the conductor, at the appellant's station at Rivarre, some

time between the 16th of December, 1892, and the 29th of April, 1893.   If the appellee really purchased and paid for a first class passenger ticket, with a return coupon attached, at the time he testified he purchased it, and presented the same to the conductor, it would strongly tend to prove that his expulsion from the train was wrongful, no matter what the form or wording of the ticket may have been.   The jury may have believed the appellee's story about purchasing the ticket, as he claimed he did, although they may also have believed it was a ticket such as the conductor described was presented to him by the appellee.   If the appellant did not in fact issue such tickets as the one the conductor said the appellee presented to him, it would tend to show, of course, that appellee did not purchase it as claimed by him.

We do not, and can not, know to what extent, if any, the exclusion of the proposed testimony injured the appellant, but as the other evidence was at all events very unsatisfactory, we are of opinion that the witness should have been permitted to answer the question asked him. If he knew that no such tickets as the one the appellee asked to be carried upon were in fact issued by the appellant, we see no reason why the fact should not have been given to the jury.   We do not think the question was open to the objection that it would involve a comparison of tickets, but if it did we still see no valid reason why such comparison could not be made by one competent to make it.   There was evidence tending to prove that the ticket presented was a cardboard ticket, while those issued by appellant were of paper, about the thickness of legal cap.   It was not a difficult task for any one acquainted with the facts, it seems to us, to determine whether the ticket presented to the conductor was such an one as it was claimed the appellant issued at Rivarre.   It was for the jury to decide upon the weight and force of

such testimony, and it was error to exclude it from their consideration. The motion for a new trial should have been sustained.

Judgment reversed.

Filed Oct. 31, 1894.