Louisville, New Albany and Chicago Railway Co. v. Goben.

No. 1,800.

## Louisville, New Albany and Chicago Railway Co. v. Goben.

PLEADING—*Contributory Negligence.*—The doctrine of contributory negligence does not apply to an action for damages for injuries sustained by being forcibly ejected from a passenger train.

RAILROAD.—*Passenger.*—*Ejection Of.*—*Failure to Produce Evidence of Payment of Fare.*—*Evidence.*—Evidence that a conductor asked a passenger for his ticket about five minutes after he had paid his fare, and upon being informed of such payment, without making further inquiry told the passenger that he was lying, and forcibly ejected him from the train, is sufficient to justify the inference that the conductor acted in a spirit of malice, entitling the passenger to exemplary damages.

DAMAGES. — *Elements of.* — *Railroad Passenger.*— Damages for the wrongful ejection of a passenger from a train may include pain, suffering, loss of time and also feeling of shame and humiliation occasioned by such wrongful act.

INSTRUCTION TO JURY.—It is not error for the court to refuse to give a requested instruction, when same is not signed by counsel.

From the Carroll Circuit Court.

*E. C. Field, W. S. Kinnan, Pollard & Pollard,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellee.

DAVIS, J.—The appellee sued the appellant and recovered judgment for $2,000.00, for being wrongfully ejected from appellant's train with force and violence by the conductor under humiliating circumstances.

The errors assigned are:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the demurrer to the complaint.

3.   The court erred in overruling appellant's motion for judgment in its favor on the special verdict of the jury.

4.   The court erred in overruling appellant's motion for a new trial.

5.   The court erred in overruling appellant's motion in arrest of judgment.

6.   The court erred in overruling the appellant's motion to change and modify the judgment.

The first, second, and fifth specifications may be considered together. Counsel for appellant contend that the complaint proceeds upon the theory of negligence, and that it is insufficient because it fails to aver that the appellee was without fault. In this view counsel are, in our opinion, mistaken. The action is to recover damages for injuries alleged to have been sustained by the appellee in being unlawfully and forcibly ejected from appellant's train. The unlawful act alleged is in the nature of an assault and battery. The doctrine of contributory negligence has no application to this class of cases. *Chicago, etc., R. R. Co. v. Bills*, 118 Ind. 221 ; *Steinmetz v. Kelly*, 72 Ind. 442 ; *Whitehead v. Mathaway*, 85 Ind. 85 ; *Norris v. Casel*, 90 Ind. 143 ; *Beem v. Chestnut*, 120 Ind. 390 ; *Myers v. Moore*, 3 Ind. App. 226. See also *Chicago, etc., R. R. Co. v. Ault*, 10 Ind. App. 661 ; *Chicago, etc., R. R. Co. v. Conley*, 6 Ind. App. 9 ; *Louisville, etc., R. W. Co. v. Wolfe*, 128 Ind. 347 ; *Evansville, etc., R. R. Co. v. Cates*, 41 N. E. Rep. 712 ; *Cleveland, etc., R. W. Co. v. Beckett*, 11 Ind. App. 547.

So far as any objection has been made to the special verdict, it is sufficient. There was no error, in our opinion, in overruling appellant's motion for judgment in its favor on the special verdict of the jury.

The sixth error assigned has not been discussed.

In the view we take of the case, the meritorious questions on appeal are presented by the fourth error assigned.

It is not denied that appellee paid the conductor his fare from Indianapolis to Monticello, for which the conductor gave him a rebate check or train ticket (of which he kept a duplicate) for continuous passage on that day and train between the points named, and redeemable at ten cents at any ticket office of the company within thirty days from the date of issue. The appellee was then standing in the front end of the car, but immediately after paying his fare he walked back a short distance and was seated with two of his friends, when the conductor, about five minutes after he had paid him his fare, reached that point and asked appellee for his ticket. The appellee told the conductor that he had paid him his fare, to which the conductor replied that he had paid him nothing; that he was trying to lie out of paying his fare; and that he would put the appellee off the train if he did not pay. The appellee testifies that when the conductor gave him the train check or ticket he put it in his pocket, and that when he afterwards asked him to pay his fare, he did not think anything about the check or ticket. There is evidence fully tending to prove that the conductor made no inquiry of the appellee as to when, or where, or under what circumstances, or to what point he had paid his fare before making the false accusation against him that he had paid nothing.

The conductor forcibly expelled him from the train in the presence of the other passengers, some of whom where his acquaintances, about 1 o'clock in the morning in the winter season, and as the result of his exposure the appellee contracted a severe cold and was in bed eight days.

On cross-examination of appellee, the appellant

asked him, "Don't you know that if you had produced that ticket it would have stopped all trouble between you?" The court sustained the objection of counsel for appellee to the question. There was no error in this ruling. The question sought to elicit appellee's opinion, at the trial, as to what the effect would have been on the occasion when he was expelled if he had then produced the conductor's check or ticket. What his opinion on the subject at the time of the trial was is immaterial. If he had been asked whether he knew at the time he was expelled that the production of the check or ticket would have avoided the trouble, this would perhaps have been a proper question.

Complaint is also made of the ruling of the court in allowing questions to be asked the conductor on cross-examination, as to a visit he made to appellee at his home in Wolcott, after his explusion from the train.

Our attention, however, has not been called to anything improper in this cross-examination. The argument of counsel for appellant is based upon the theory that the conversation between the conductor and appellee was in reference to an attempt at compromise, but the evidence objected to does not tend to prove any offer or attempt to compromise. The conversation was unimportant, and although the evidence elicited may have been immaterial it was not prejudicial.

Among the elements the jury had the right to consider in assessing appellee's damages were, pain, suffering, loss of time, also his feelings of shame and humiliation occasioned by the wrongful conduct of the conductor. *Chicago, etc., R. R. Co.* v. *Conley, supra*; *Chicago, etc., R. R. Co.* v. *Holdridge*, 118 Ind. 281; *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind.

381; *Lake Erie, etc., R. W. Co. v. Arnold,* 8 Ind. App. 297.

The instruction relative to exemplary damages is sustained by the authorities. *Louisville, etc., R. W. Co. Wolfe, supra; Jeffersonville R. R. Co.* v. *Rogers,* 38 Ind. 116.

In *Jeffersonville R. R. Co.* v. *Rogers, supra,* the Supreme Court said: "In our opinion his expulsion in the night time, and at a distance from any station or convenient lodging place, in short, his expulsion at the time and place, and in the manner indicated by the testimony above set out, without reference to any harsh and unnecessary means, authorized the jury to infer that it was done in the spirit of oppressive malice or wantonness, and to award exemplary damages if they saw proper to do so."

In *Louisville, etc., R. W. Co.* v. *Wolfe, supra,* the Supreme Court said: "The instruction relates to the right to give exemplary damages, and there was some evidence which, if true, authorized the assessment of exemplary damages." The evidence in this case was sufficient to justify the inference that he was wrongfully expelled by the conductor, in a spirit of malice or oppression.

The corporation is not liable to a State prosecution. If the corporation were subject to such prosecution, exemplary damages could not be assessed. *Taber* v. *Hutson,* 5 Ind. 322.

In other cases it has been held that the injured party was entitled to recover compensatory damages, but whether he could recover exemplary damages does not appear to have been considered. *Lake Erie, etc., R. W. Co.* v. *Fix, supra; Chicago, etc., R. W. Co.* v. *Holdridge, supra; Cleveland, etc., R. W. Co.* v. *Beckett, supra; Lake Erie, etc., R. W. Co.* v. *Arnold, supra.*

It is not shown that the instruction asked and refused was signed by counsel, and therefore there was no error in refusing to give it. *Board, etc.,* v. *Legg, Admr.,* 110 Ind. 479, 486; *Hutchinson* v. *Lemcke,* 107 Ind. 121; *Puett* v. *Beard,* 86 Ind. 104.

It is earnestly insisted that the damages assessed are excessive. In *Louisville, etc., R. W. Co.* v. *Wolfe, supra,* the Supreme Court affirmed a judgment for $1,500 damages.

In *Jeffersonville R. R. Co.* v. *Rogers, supra,* the Supreme Court affirmed a judgment for $1,000 damages.

See authorities cited in *Lake Erie, etc. R. W. Co.* v. *Arnold, supra,* and in *Evansville, etc., R. R. Co.* v. *Cates, supra.*

When we consider that in addition to compensatory damages the appellee was entitled to recover exemplary damages, we cannot, under the circumstances, in the light of the authorities cited, say that the damages are so excessive and outrageous as to justify this court in reversing the judgment of the trial court.

Judgment affirmed.

Filed February 20, 1896.

OPINION ON PETITION FOR REHEARING.

DAVIS, J.—In an earnest petition for a rehearing, counsel for appellant contend that the court overlooked the theory upon which its defense was founded. They say: "Appellant's counsel felt that they had a meritorious defense to this action; that Conductor Shields did right in issuing this train ticket entitling appellee to ride; that he afterwards had the right to demand this ticket for inspection; that it was appellee's duty to produce the ticket when so demanded; that when appellee failed to exhibit his ticket, he

neglected to comply with one of the conditions incumbent upon him, and therefore stood in the shoes of a passenger who, having purchased a ticket of a station agent entitling him to ride, refuses to produce such ticket when demanded by the conductor." Counsel insist that appellee was given a reasonable opportunity by the conductor to produce his rebate check or train ticket, and by reason of his failure to produce it he forfeited his rights as a passenger, and that appellant was entitled to a new trial on this ground.

If the evidence clearly showed that when the conductor was informed by the appellee that he had paid his fare he had asked him for an inspection of his rebate check, and that appellee failed to produce it, appellant would, in our opinion, have been entitled to a new trial because of the omission of such material fact in the special verdict. We have not held, or intended to hold, that under such circumstances the passenger has the right to compel the conductor to accept his verbal statement that he has paid his fare in lieu of exhibiting the rebate check in his possession. On the contrary, it is the duty of the passenger in such cases, when asked by the conductor for an inspection of his rebate check, delivered to him by the conductor when he pays his cash fare, to produce it or to explain to the conductor his inability to do so. In this case, however, the evidence when considered, as the court is required to do—most favorably in behalf of appellee—shows that he paid the conductor his fare in cash, and that within five or ten minutes thereafter the conductor asked him for his ticket, and that when informed by appellee that he had paid his fare the conductor said to him, in the presence and hearing of the other passengers, that he had paid him nothing. The appellee then said: "My dear sir, I paid you my fare

once." The conductor replied: "You haven't paid me any fare at all; come off, you can't josh me; I want your ticket.". It is conceded that when appellee informed the conductor that he had paid his fare he told the truth, and if the jury believed appellee's theory of the conversation, the conductor twice, in the presence of the other passengers, falsely and unjustly charged the appellee that he had not paid his fare. Without making any inquiry of appellee as to when or how he had paid his fare, the conductor charged him with lying and with an attempt to ride on the train without paying his fare. The conductor did not suggest to the appellee that if he had paid his fare he had given him a rebate check as evidence of that fact. Immediately after charging appellee in the presence of the other passengers with lying, the conductor, in the same connection, in fact in the same sentence above quoted, said to him, "I want your ticket;" but the jury was warranted, under the circumstances, in drawing the inference that the demand of the conductor then made did not relate to a rebate check issued by the conductor, but that it had reference to a ticket issued by the company through its station or ticket agent. As the conductor was contending and charging that appellee had paid him nothing, the inference was a reasonable one that he did not have reference to a rebate check issued to appellee by himself less than ten minutes prior to the conversation. If the conductor had indicated to appellee that he had reference to the rebate check issued by him to appellee when he paid his fare, and that he desired to inspect it, and appellee had refused to produce it or to explain the reason for such failure, a different question would be presented.

The conclusion of the conversation from which we quoted above was as follows:

Louisville, New Albany and Chicago Railway Co. *v.* Goben.

"6th.  Appellee:  'I told him I had no ticket; that I had paid my fare once; and he said I was trying to lie out of it, and he would put me off if I didn't pay; I said I had paid it once and I wouldn't pay it again.' "

We cannot disturb the verdict of the jury on the ground that appellee misled the conductor by the statement that he had no ticket.  In view of the charge of the conductor that appellee had not paid his fare to him, we cannot assume that the conductor understood appellee as saying that he had no rebate check as evidence of the payment of such fare to him. The conductor was not asking for the evidence of the payment of the fare to him.  This fact he was emphatically and repeatedly denying.  Moreover, when asked why he did not produce the rebate check at the time the conductor came back and asked him to pay his fare before he was put off the train, the appellee testified:  "I never thought anything about it."

The charge of the conductor that appellee was lying and that he was endeavoring to secure a ride on the train without paying therefor, was such as to humiliate him.  This court cannot assume, therefore, that appellee had the rebate check in mind, or that he then knew, in the face of the charges and denials of the conductor, that it would avail him if he did produce it.

We cannot assume, under the circumstances, that appellee forfeited his rights as a passenger by failing to exhibit to the conductor his rebate check.  When he paid to the conductor his fare to Monticello, he became entitled to ride that distance, unless he afterwards did something to forfeit such right.  When the conductor was afterwards informed by appellee that he had paid his fare, if the conductor had forgotten that fact, instead of assuming and charging, in the presence and hearing of the other passengers, that appellee was lying, the conductor should have suggested

to him that if he had paid his fare he held a rebate check issued by him to appellee, as the evidence of such payment, and that he desired to inspect it. If it appeared without dispute that appellee, on the reasonable request of the conductor, had refused to produce his rebate check for inspection or to explain his reason for such failure, this court would not hesitate to set aside the verdict of the jury.

If the jury had believed appellant's theory of the transaction, they would have been authorized in finding material facts which the special verdict does not contain, but we are satisfied that no material fact established by undisputed evidence was omitted from the verdict by the jury, and this court would not be justified, under the well recognized rule which prevails on appeals, in reversing the judgment of the trial court on the evidence, with instructions to grant appellant a new trial.

Petition for rehearing overruled.

Filed April 23, 1896.