## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* DAVIS.

[No. 6,827.	Filed October 14, 1909.]

1. CARRIERS.—*Railroads.—Passengers.—Protection of.*—It is the duty of a railroad company in transporting passengers to use every reasonable means to protect such passengers from insult, indignity and bodily harm. p. 378.

2. TRIAL.—*Instructions.—Railroads.—Assault Upon Passenger.—Damages.*—An instruction that defendant railroad company is liable for all damages resulting from injuries done by an agent in the course of his employment, even if the particular act was not ordered by, or ratified by, such defendant, is correct. p. 379.

3. TRIAL.— *Instructions.— Railroads.— Assault Upon Passenger.— Justification.—Abusive Language.*—An instruction that mere abusive words by a passenger would not justify an assault by the conductor of defendant railroad company's train, is not erroneous. p. 379.

4. TRIAL.— *Instruction.— Railroads.— Damages.— Provocation.— Consideration of All of the Evidence.*—An instruction that in assessing damages, the nature and extent of plaintiff's injuries, physical or mental pain suffered, and humiliation and shame, if any, should be considered, also evidence of any provocation on plaintiff's part, in mitigation thereof, and such damages should be awarded as will compensate the plaintiff for his injuries, if any, to which may be added punitive damages, if such damages under the evidence would be justified, is not erroneous, where no evidence was introduced which was improper to be considered upon such subject. p. 379.

5. TRIAL.—*Instructions.—Presumptions.—Absence of Evidence.*—Where the record, on appeal, does not contain the evidence, an instruction on the assessment of punitive damages must be presumed to be required by the evidence, the subject-matter of the action being an assault and battery. p. 380.

6. RAILROADS.—*Assault and Battery.—Punitive Damages.*—A railroad company not being liable to a criminal prosecution for an assault and battery committed by one of its conductors, punitive damages can be recovered against it in a proper case. p. 380.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by William J. S. Davis against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner, F. Gwin* and *Edward Barton,* for appellant.

*Flavian A. Seal* and *Frank E. Gilkison,* for appellee.

COMSTOCK, J.—Omitting formal parts of the complaint, its averments are as follows: That plaintiff is a citizen of Loogootee; that on June —, 1907, he boarded the defendant's train No. 4 at the station at Loogootee, and took

passage thereon for the town of Shoals; that said defendant at said time had said train in charge of a conductor, who at said time and in said capacity acted for and in behalf of said defendant; that said conductor was a large, robust man, weighing about one hundred eighty pounds, and was about five feet, ten inches in height; that this plaintiff at said time was thin in flesh, weighing about one hundred thirty-five pounds and was six feet in height; that after boarding said train this plaintiff tendered to said defendant, by and through its said conductor, the sum of fifty cents to pay his fare on said train from said station at Loogootee to the said station at Shoals, which said station at Shoals was and is less than nine miles east of said station at Loogootee by way of defendant's said railroad; that the defendant, by and through its said conductor, took plaintiff's said fare out of said fifty cents, and returned to plaintiff the difference between the amount of said fare and the amount plaintiff had so given to it, to wit, twenty-seven cents; that defendant, by and through its said conductor, then engaged in a discussion with this plaintiff concerning the lawful fare between said stations, during which discussion this plaintiff was sitting on one of the seats of one of the coaches of said train and defendant's said conductor was standing in the aisle thereof, near plaintiff; that, while said discussion was in progress, said defendant, by and through its said conductor, who at the time acted within the line of his employment and within the scope of his authority, wilfully and maliciously jumped upon this plaintiff as he sat in the seat as aforesaid, and in a rude, insolent and angry manner wilfully and maliciously caught said plaintiff about his neck and severely choked said plaintiff; that said defendant, by and through its said conductor, who at the time acted within the line of his employment and within the scope of his authority, wilfully and maliciously beat said plaintiff on and about his face and head, and cut a deep gash in plaintiff's head behind his right ear, all wilfully and intentionally, and in

a rude, insolent and angry manner; that said defendant at said time and thereafter, by and through its said conductor, as aforesaid, called this plaintiff vile and indecent names, and used vile, indecent and opprobrious language to said plaintiff, all in the presence and hearing of numerous persons who were in said coach; that, because of the superior strength of his antagonist and the position in which he was so assaulted, plaintiff was unable in any way to protect and defend himself; that throughout said controversy said conductor acted within the line of his employment and within the scope of his authority; that because of the injuries so received plaintiff was compelled to and did procure the services of a physician to treat him and to dress his said wounds; that because of the unlawful and wilful acts of said defendant, by and through its said conductor, plaintiff suffered great mental and bodily pain and distress; that he was greatly humiliated and mortified thereby, and put in great anxiety of mind, and was disgraced in the eyes of the persons who saw said assault and heard said language, to the plaintiff's damage, etc.

Appellant's demurrer for want of facts was overruled, and answer in general denial filed. Trial by jury had, resulting in a verdict in favor of appellee for $600, on which, a remittitur being ordered for $200, a judgment was rendered for $400.

The action of the court in overruling appellant's demurrer to the complaint and its motion for a new trial are assigned as error.

As between the carrier and its passengers the contract of carriage imposes upon the carrier the duty not only to carry persons safely and expeditiously between the termini 1. of the road expressed in the contract, but, also, to conserve by every reasonable means their convenience, comfort and peace throughout the journey. And the same duty is of course upon the carrier's agents. They are under a duty to protect each passenger from bodily discomfort,

from insult, from indignities and personal violence from whatever source. And this is true whether the servant of the carrier has or has not completed the particular service he was performing when the violence was committed. In such case the carrier is liable because of a violation of the duty it owed to passengers, and not because the act complained of came within the scope of the employment. *Goddard* v. *Grand Trunk Railway* (1869), 57 Me. 202, 2 Am. Rep. 39; *Zeccardi* v. *Yonkers R. Co.* (1907), 190 N. Y. 389, 83 N. E. 31, 32, 17 L. R. A. (N. S.) 770; *Dwinelle* v. *New York, etc., R. Co.* (1890), 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. 611; *Stewart* v. *Brooklyn, etc., R. Co.* (1882), 90 N. Y. 588, 43 Am. Rep. 185.

Exceptions were taken to the giving of instructions five, seven and ten. Said instruction five was to the effect that the railroad company was liable for all damages resulting from injuries done by an agent in the course of employment, even if the particular act was not ordered by, or afterwards ratified by, the company. In this there was no error. See cases just cited.

Said instruction seven was to the effect that mere abusive words by a passenger to a conductor did not justify the commission of an assault and battery. In this there was no error. See cases before cited, and, also *Evansville, etc., R. Co.* v. *Baum* (1866), 26 Ind. 70.

Said instruction ten told the jury that if the finding was for the plaintiff, in assessing his damages the nature and extent of his injuries, physical or mental pain suffered, if any, and humiliation and shame, if any, should be considered, also evidence of any provocation on the part of the plaintiff in mitigation thereof; and such damages should be awarded as would compensate him for the injuries sustained, if any, and to which might be added additional damages in the way of punitive damages, if such damages, under the evidence, would be justified. The objection made to this instruction is that it told the jury

to predicate damages upon the evidence, and that it might add punitive to compensatory damages. *Broadstreet* v. *Hall* (1904), 32 Ind. App. 122; *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, and *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, are cited. It does not appear that any evidence was introduced improper to be considered upon the question of damages; no attempt being made to make the evidence a part of the record. The instruction does not therefore come within the cases cited. Nor was the instruction erroneous upon the ground of exemplary damages. The complaint 5. charges that the assault and battery was committed wilfully and maliciously. In the absence of the evidence it will be presumed that the instruction was warranted.

Where the offense is not punishable by the criminal law, and malice or oppression weigh in the controversy, exemplary damages may be assessed. *Louisville, etc., R. Co.* v. *Wolfe* (1891), 128 Ind. 347, 25 Am. St. 436.

In such cases exemplary damages may be recovered against a corporation for the wrongful acts of its agents. 6. *Jeffersonville R. Co.* v. *Rogers* (1871), 38 Ind. 116, 10 Am. Rep. 103, and cases cited; *Louisville, etc., R. Co.* v. *Goben* (1896), 15 Ind. App. 123; *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563, 569, and cases cited.

Appellant corporation is not liable to a state prosecution. If it were subject to such prosecution exemplary damages could not be assessed. *Taber* v. *Hutson* (1854), 5 Ind. 322, 61 Am. Dec. 96; *Borkenstein* v. *Schrack* (1903), 31 Ind. App. 220, and cases cited.

Judgment affirmed.