INDIANAPOLIS BLEACHING COMPANY *v.* McMILLAN.

[No. 9,138. Filed October 25, 1916. Rehearing denied January 9, 1917. Transfer denied April 6, 1917.]

1. DAMAGES.—*Punitive Damages.— When Assessable.*— Exemplary damages cannot be assessed for a wrong the commission of which subjects the wrongdoer to both a criminal prosecution and civil action. p. 270.

2. CORPORATIONS.—*Punitive Damages.—When Assessable.*—In an action against a corporation for damages for assault and battery by its servants, exemplary damages may be allowed, as the corporation is not subject to criminal prosecution for the assault. p. 271.

3. DAMAGES.—*Exemplary Damages.—Malice.*—Exemplary damages may be awarded without an averment of malice where the wrongful act is wilfully done in an abusive, wanton or oppressive manner or in reckless disregard of the rights of others, malice being inferable under such conditions. p. 272.

4. DAMAGES.—*Exemplary Damages.—Right to an Award.*—There is no absolute right to exemplary damages, but in a proper case such damages may be awarded in addition to actual damages as punishment for the offense and to restrain and prevent further misconduct. p. 272.

5. DAMAGES.—*Exemplary Damages.—Nature.—Pleading.* — Exemplary damages are not special damages and special averments are unnecessary to warrant their recovery. p. 272.

From Marion Superior Court (93,062) ; *Clarence E. Weir,* Judge.

Action by John Harvey McMillan against the Indianapolis Bleaching Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellant.

*Henry W. Bullock,* for appellee.

FELT, J.—This is an action for damages for an assault and battery, alleged to have been committed on appellee by the servants and employes of appellant. The issues were formed by a complaint, a general denial, and a special paragraph of answer to which a reply of general denial was filed. The jury returned a verdict for $300. Appellant's motion for a new trial was overruled and judgment was rendered on the verdict. Appellant has assigned as error the overruling of its motion for a new trial.

The substance of the complaint is that appellant is a corporation operating a plant for the production of cotton goods; that appellee and his wife were both employes of appellant and worked in its factory and plant; that L. F. Hilton and George Jones respectively held the positions of overseer and second overseer of said plant, and on November 8, 1913, appellee went to said factory for the lawful purpose of collecting wages due his wife from appellant, and while there in the discharge of such duty was assaulted by said Hilton and Jones, who were then and there acting for and on behalf of appellant and exercising authority and control over appellant's plant and acting within the scope of their authority; that without cause or provocation they beat, bruised, and wrongfully ejected appellee from appellant's plant; that by reason of said assault upon him he suffered and still suffers great bodily pain and has suffered great humiliation, loss of employment and income, and has been caused to expend a large sum of money for medical treatment, all to his damage in the sum of $20,000.

Appellant contends that the court erred in giving to the jury certain instructions and in refusing to give certain instructions tendered by appellant. The principal controverted question presented by the instructions

given and refused relates to the right of appellee to recover punitive damages. The instructions presented by appellant and refused informed the jury that, in case they found for appellee, he could only recover actual damages and that they should not allow anything for punitive or exemplary damages.

The court correctly instructed the jury on the subject of actual damages and then said: "If you should be of the opinion that the injuries which plaintiff received, if any, were inflicted in a spirit of wanton malice and with intent to injure plaintiff, then you would have a right to add a further sum by way of punishment of the defendant."

Appellant contends that Hilton and Jones, who committed the assault and battery, if any were committed, are subject to punishment for the offense under the criminal laws of the State; that if any damages are recovered in this suit appellant has a right of action against Hilton and Jones to recover from them the amount it may be compelled to pay on that account; that punitive damages cannot be assessed against appellant because the law does not warrant their assessment against Hilton and Jones. Furthermore, it is contended that neither the complaint nor the evidence is sufficient to authorize the assessment of punitive damages in this case for the reason that malice is not alleged or proven.

The general proposition is well established in Indiana that for wrongs, the commission of which subjects the wrongdoer to both a criminal prosecution and a

1. civil action, exemplary damages cannot be assessed. *Wabash, etc., Pub. Co.* v. *Crumrine* (1890), 123 Ind. 89, 93, 21 N. E. 904; *Stewart* v. *Maddox* (1878), 63 Ind. 51, 55; *Borkenstein* v. *Schrack* (1903), 31 Ind. App. 220, 221, 67 N. E. 547.

The distinction which appellant seeks to make, by

which appellee would be denied the right to claim exemplary damages against appellant notwithstanding

2. ing the latter is not subject to criminal prosecution for the alleged assault and battery, has not been recognized in Indiana and the decisions of this court and of our Supreme Court cannot be brought into harmony with such distinction. In *Baltimore, etc., R. Co.* v. *Davis* (1909), 44 Ind. App. 375, 89 N. E. 403, this court considered a case involving damages in a suit against the railroad company for an assault and battery committed by its conductor upon a passenger. The conductor was clearly liable criminally for the assault and battery, if committed, but the court held that exemplary damages could be allowed against the railroad company, and in so doing said: "In such cases exemplary damages may be recovered against a corporation for the wrongful acts of its agents.    *    *    *    Appellant corporation is not liable to a state prosecution.    If it were subject to such prosecution exemplary damages could not be assessed."

In *Citizens Street R. Co.* v. *Willoeby* (1893), 134 Ind. 563, 33 N. E. 627 the court construed the complaint as not proceeding on the theory of a breach of the company's contract, as a common carrier of passengers, but on the theory that the servant of the company, while acting within the scope of his employment, inflicted upon the appellee a wilful injury by wantonly and recklessly throwing him from the car upon the street.    Complaint was made of instructions which permitted the jury, in its discretion, to allow exemplary damages, and in disposing of the question, the opinion states: "The court did not err in instructing the jury that they might add exemplary damages, in the event they found that the appellant's conductor inflicted the injury complained of in a spirit of oppressive malice, or

that his acts were of such character as to indicate a heedless disregard of consequences."

The following decisions have recognized and applied the doctrine that a corporation may be liable for exemplary damages for the wrong of its servant, where such servant could be held amenable to the criminal law for the wrongful act which caused the injury. *Jeffersonville R. Co.* v. *Rogers* (1871), 38 Ind. 116, 126, 10 Am. Rep. 103; *Jeffersonville R. Co.* v. *Rogers* (1867), 28 Ind. 1, 6, 92 Am. Dec. 276; *Louisville, etc., R. Co.* v. *Wolfe* (1891), 128 Ind. 347, 352, 27 N. E. 606, 25 Am. St. 436; *Western Union Telegraph Co.* v. *Bierhaus* (1893), 8 Ind. App. 563, 568, 36 N. E. 161; *Louisville, etc., R. Co.* v. *Goben* (1895), 15 Ind. App. 123, 127, 42 N. E. 1116, 43 N. E. 890.

Without an averment of malice, the jury has the right to assess exemplary damages when the facts justify such assessment. Such damages do not necessarily depend on express malice but may be awarded when the wrongful act is wilfully done in an abusive, wanton or oppressive manner, or done in reckless disregard of the rights of the complaining party. Under such conditions the element of malice may be implied. There is no absolute right to exemplary damages, but in a proper case such damages may be awarded in addition to actual damages as punishment for the offense and also to restrain and prevent such conduct. Exemplary damages are not in the nature of special damages and do not come within the rule of pleading, which requires specific averments to warrant their recovery. 5 Words and Phrases 4299, 4300; *Cleveland* v. *Emerson* (1912), 51 Ind. App. 339, 345, 99 N. E. 796; *Harness* v. *Steele* (1902), 159 Ind. 286, 229, 64 N. E. 875; *American Sand, etc., Co.* v. *Spencer* (1913), 55 Ind. App. 523, 532, 103 N. E. 426; *Anderson* v. *Inter-*

*national Harvester Co.* (1908), 104 Minn. 49, 116 N. W. 101, 16 L. R. A. (N. S.) 440, and notes; *Goddard* v. *Grand Trunk Railway* (1869), 57 Me. 202, 223, 2 Am. Rep. 39. The rule as to punitive damages has not been uniform in all jurisdictions and authority is available which would not support the rule as established and applied in this State. 13 Cyc 114-118; *Warner* v. *Southern Pacific Co.* (1896), 113 Cal. 105, 45 Pac. 187, 54 Am. St. 327.

The instructions given when considered as a whole fairly and accurately state the law applicable to the case. Those refused, as far as correct, were substantially covered by those given.

Under the law as above announced, the evidence is sufficient to sustain the verdict. We find no reversible error. Judgment affirmed.

NOTE.—Reported in 113 N. E. 1019. Exemplary damages: (a) recovery of, for assault, Ann. Cas. 1915 B 128; (b) validity of a statute authorizing recovery for an act punishable as a crime, 9 Ann. Cas. 638. See under (1, 2) 13 Cyc 117, 118; (3-5) 13 Cyc 105, 180.