CITY OF GARY *v.* JOHN ROBERT FALCONE AND GLORIA FALCONE, ARTHUR GONZALES AND WILLIAM M. OLIVE.

[No. 3-175A9. Filed May 27, 1976. Rehearing denied July 7, 1976.]

*Charles A. Ruckman,* of Gary, for appellant.

*Saul I. Ruman,* of Hammond, for appellees Falcone.

HOFFMAN, J.—Plaintiffs-appellees John Robert Falcone and Gloria Falcone prosecuted this action for damages in the trial court against defendant-appellant City of Gary, Indiana, and others. Trial was to a jury which returned a verdict in favor of appellees Falcones for compensatory and punitive damages as the result of the acts of certain employees of the City, and judgment was entered thereon by the trial court. The sole issue presented by this appeal is whether punitive damages could be properly awarded against the City.[1]

Prior to the enactment of the present statutes pertaining to this subject, IC 1971, 34-4-16.5-1, *et seq.* (Burns Supp. 1975), Indiana had enacted no statutes either allowing or disallowing the awarding of such damages. And, it appears that there is no caselaw in Indiana dispositive of this issue.

---

1. This case was commenced prior to the effective date of IC 1971, 34-4-16.5-4 (Burns Supp. 1975), which now bars the recovery of punitive damages against governmental entities. The parties do not question whether such statute may be retroactive.

Accordingly, it must be determined whether such an award was permissible at the time this action was brought under the common law. *Cf: Perkins* v. *State* (1969), 252 Ind. 549, 251 N.E.2d 30.

Although it has been held that whether a municipal corporation may be held accountable for punitive damages, in the absence of a statutory authorization, is not entirely free from doubt, *Raplee* v. *City of Corning* (1958), 176 N.Y.S. 2d 162, 165, it appears that it is the general common-law rule that exemplary or punitive damages are not recoverable against a municipal corporation. *See,* Annot. 19 A.L.R. 2d 903, and cases cited therein. While it might appear at first blush that such rule is unduly harsh in its application, a more careful consideration of this issue reveals that such rule has a sound basis in public policy.

Preliminarily, it must be remembered that an award of damages is normally based upon a theory of compensation to an injured party. *See, State ex rel.* v. *Jacobs* (1924), 194 Ind. 327, 142 N.E. 715. An award of punitive damages, however, is an exception to this rule; such damages are intended as a punishment for malicious or oppressive wrongdoing and to prevent further wrongdoing. *The Louisville, New Albany and Chicago Railway Company* v. *Wolfe* (1891), 128 Ind. 347, 352-53, 27 N.E. 606; *Indianapolis Bleaching Co.* v. *McMillan* (1916), 64 Ind. App. 268, 113 N.E. 1019 (transfer denied). Thus, while compensatory damages are recoverable as a matter of right, punitive damages are not. *Indianapolis Bleaching Co.* v. *McMillan, supra.*

Because punitive damage awards are premised upon the theories of punishment and prevention, the courts of this country have historically declined to allow such awards against municipal corporations for the acts of their employees. This position is grounded upon sound considerations of public policy.

First, it is improbable that a large punitive damage award against a city would deter its employees from a repetition

of their conduct. And, even if such employees were joined as defendants they would likely be unable to pay such an award. Second, it would be even more difficult than in the usual case to estimate what amount of punitive damages would adequately punish and deter such a unit of government, since consideration of the wealth of the wrongdoer would be inapplicable. Third, it must be assumed that municipal officials will do their duty and discipline wrongdoing employees. Finally, it must be noted that if punitive damages were allowed against municipalities, the group for whose protection such damages were purportedly awarded, the citizens and taxpayers, would be the identical group who would bear the burden of the award. Such a result is anomalous, indeed. It must be concluded that punitive damages were not properly awardable against the City at the time this action was brought. *Similarly see: Chappell* v. *City of Springfield* (Mo. 1968), 423 S.W. 2d 810; *Fisher* v. *City of Miami* (Fla. 1965), 172 So. 2d 455; *Brown* v. *Village of Deming* (1952), 56 N.M. 302, 243 P. 2d 609. *See also: Foss* v. *Maine Turnpike Authority* (Me. 1973), 309 A.2d 339.

The judgment of the trial court should be affirmed in all respects, except for its award of punitive damages to the appellees, which award is reversed.

Affirmed in part; reversed in part.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 348 N.E.2d 41.