Fort Wayne, etc., Traction Co. *v.* Ridenour—71 Ind. App. 263.

be given to their testimony than we are. In such a case this court will not overthrow the finding of the trial court, if there is any evidence to support that finding. Our judgment is that there was sufficient evidence to sustain the finding of the trial court. Judgment affirmed.

FORT WAYNE AND NORTHERN INDIANA TRACTION COMPANY *v.* RIDENOUR.

[No. 9,884.  Filed June 26, 1919.  Rehearing denied October 31, 1919.]

1. ASSAULT AND BATTERY.—*Wilfulness.—Evidence.—Sufficiency.*— In an action for damages for assault and battery, the evidence is not insufficient to sustain a verdict for plaintiff because not showing that the assault and battery was wilfully committed, since there could not be an assault and battery without its being wilfully committed.  p. 265.

2. CARRIERS.—*Carriage of Passengers.—Assault and Battery on Passenger.—Excessive Damages.*—In an action against a traction company by a physician to recover damages for an assault committed upon him by defendant's conductor, a verdict for $500 was not excessive, even though plaintiff sustained no serious personal injuries, as he was entitled to recover for humiliation and wounded feelings, and the evidence showed there were other passengers on the car.  p. 265.

3. APPEAL.—*Appellee's Failure to File Briefs.—Error Not Shown by Appellant.—Affirmance.*—Where appellant has not shown any *prima facie* error, the judgment will be affirmed, even though otherwise the cause would have been reversed for conduct of appellee in keeping the record from the files and his failure to file briefs.  p. 266.

From Wabash Circuit Court; *John R. Browne,* Special Judge.

Action by David C. Ridenour against the Fort

Wayne and Northern Indiana Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Sayre & Hipskind* and *Barrett, Morris & Hoffman,* for appellant.

*Todd & Plummer* and *Loveland & Sollitt,* for appellee.

McMahan, J.—This is an action by appellee against appellant for damages on account of an assault and battery alleged to have been made by one of appellant's servants upon appellee while he was a passenger on one of appellant's cars.

The cause was tried by a jury and resulted in a verdict and judgment for appellee. The only question presented for our determination relates to the action of the court in overruling appellant's motion for a new trial.

Appellant contends that the verdict of the jury is not sustained by sufficient evidence, that the assessment of damages is excessive, and that the court erred in giving and refusing to give certain instructions.

The evidence shows without conflict that the appellee was a physician residing at Peru; that he, in company with his wife and daughter, boarded one of appellant's car in the city of Peru with the intention of getting off at another point in the city. A dispute arose between the conductor on the car and appellee relative to the car stopping at the point where appellee wished to alight. The conductor said he would not stop the car at that place. Appellee told the conductor that if he did not stop the car that

MAY TERM, 1919.          265

Fort Wayne, etc., Traction Co. *v.* Ridenour—71 Ind. App. 263.

he, the appellee, would, and with this statement appellee pulled the bell-cord to stop the car, whereupon the conductor struck the appellee with his fist, knocking appellee into the vestibule of the car. The conversation between appellee and the conductor was loud and sufficient to attract the attention of the other passengers on the car.

Appellant contends that the evidence does not show that the assault and battery was wilfully committed, and that therefore the verdict is not sustained 1. by sufficient evidence. There is no merit in this contention. We are unable to understand how there can be an assault and battery and it not be wilfully committed.

Appellant next contends that the damages assessed are excessive. The jury assessed appellee's damages at $500. While the evidence does not show 2. that appellee was seriously injured in his person, he was also entitled to damages for humiliation and wounded feelings. The evidence as set out in appellant's brief does not show how many passengers were on the car at the time of the assault and battery, although it does disclose that there were others, some of whom testified as witnesses on the trial. The appellee was a doctor, residing and practicing his profession in the city of Peru, and the damages assessed are not such that we are justified in saying that they are excessive.

Appellant also complains of the giving and the refusal to give certain instructions to the jury, but neither the instructions given nor those refused appear to have been made a part of the record. Appellant has failed to show that the court overruled its motion for a new trial, that there was any exception

266    APPELLATE COURT OF INDIANA,

Fort Wayne Mercantile, etc., Assn. v. Scott—71 Ind. App. 266.

taken to the overruling of such motion, or that any exception was reserved to the giving or refusing to give any of the instructions. Appellant has failed to present any reversible error.

3. The conduct of appellee in failing to file a brief in this cause, and in keeping the record from the files for a year or more, and in not returning it until the court called for it, is such that we would not hesitate to reverse the case for failure of appellee to file a brief, if appellant had shown any *prima facie* error.

There being no *prima facie* error shown, the judgment is affirmed.