COHEN ET AL. D/B/A HOOSIER PAINT & LINOLEUM CO. *v.*
PEOPLES.

[No. 20,358. Filed October 26, 1966. Rehearing denied December 1, 1966. Transfer denied February 14, 1967.]

*Alfred Fischer*, of Indianapolis, for appellants.

*Thomas L. Davis*, of Indianapolis, for appellee.

PRIME, J.—This appeal stems from an action for assault and battery committed upon appellee, Donald Peoples, by appellant Leon Cohen. Cohen appeals from an adverse verdict and judgment.

The facts show that on January 13, 1962, Peoples entered the Hoosier Paint and Linoleum Store, operated by Leon, Joseph and Norman Cohen as a partnership. The reason for his visit that day was to discuss his account with the store, particularly the method of payment. In the course of a somewhat heated conversation with appellant Leon Cohen, Peoples grabbed some papers from the desk and wadded them up. At that moment Cohen came around the desk where both men had been seated and seized Peoples, applying a painful strangle hold to his neck area. Although Peoples dropped the papers, it is unclear whether he did so before or after the attack. Cohen then proceeded to shove Peoples out the back door after several more words had been uttered by both men. At some point during the course of the altercation, Cohen was heard to say, "I'll kill you" and "I'll break your damned neck."

Peoples suffered a change of voice for several hours after the incident, and neck pains for same time thereafter. He visited the doctor, who prescribed hot towel applications and a muscle relaxant. The injuries inflicted and suffered were admittedly minor; Peoples expended something less than $20 for medication and lost no time from his employment.

The case was tried on October 19, 1964, before a jury, the issues having been formed by a complaint praying for $5,000.00 compensatory and $5,000.00 exemplary damages. The jury rendered a verdict in the sum of $3,000.00 without declaring what proportion if any, was for punitive damages. Neither party submitted interrogatories to the jury on this issue.

Appellant Cohen's assignment of errors contains two points: that the verdict was not sustained by sufficient evidence and was contrary to law, and that the damages awarded were excessive.

It cannot reasonably be argued that an assault and battery did not occur. Any touching, however slight, may constitute assault and battery. *Hamilton* v. *State* (1957), 237 Ind. 298, 145 N. E. 2d 391. The overt acts of Cohen were admitted by him; the jury could have inferred malice from his words and actions. Indeed, as stated by Judge Mahan in *Fort Wayne and Northern Indiana Traction Company* v. *Ridenour* (1919), 71 Ind. App. 263, 123 N. E. 720, reh. den. 1919:

"We are unable to understand how there can be an assault and battery and it not be wilfully committed."

To contend that one was provoked to physical violence by the words of another is no defense:

"The general rule, in the absence of a special statute, is that no provocative acts, conduct, former insults, threats or words, if unaccompanied by any overt act of hostility, will justify an assault, no matter how offensive or exasperating, or how much they may be calculated to excite or irritate." *Davies et al* v. *Robinson* (1932), 94 Ind. App. 104, 179 N. E. 797.

In this instance, the jury, upon proper instruction, was the sole judge of the hostile nature, if any, of Peoples activity. The jury having confirmed this issue in appellee Peoples' favor, we are powerless to re-weigh conflicting evidence.

The jury also was entitled to weigh the reasonableness of Cohen's response or attack in protecting his property, and having resolved this issue in Peoples' favor, we cannot reopen the question upon appeal without a showing of clear and uncontraverted evidence contrary to this determination. Such a showing has not been afforded by the briefs, nor has any been revealed by an exhaustive search of the transcript.

Turning to the matter of the propriety of the award in this case, we must follow the well established rule that an award of damages will not be disturbed unless it appears at first blush to have been the result of passion or prejudice. This is not the case here. The award, although it is liberal considering the actual physical injuries, does not shock one's sensibilities to a great degree, realizing that it was given in recompense for an unwarranted physical attack.

Appellant attempts to raise the issue of punitive damages for the first time upon appeal. While he has not saved the error by timely objection to the instruction given that the jury could properly consider and award same, such objection appearing for the first time in his motion for new trial, we feel that the issue is worthy of discussion. Indiana is in the distinct minority of states which disallows exemplary damages in a civil action if the party against whom they are levied is subject to criminal prosecution arising out of the same act. The rule dates from *Taber* v. *Hutson* (1854), 5 Ind. 322, wherein Judge Davison stated:

> "*Hence the defendant still remains liable to be tried and convicted for a public offense.* Though liable to be punished, a criminal proceeding may not, it is true, be instituted against him; but that contingency does not affect the principle involved, because the penalty which he has incurred belongs to the state, and her failure to sue for it would furnish no reason for its recovery in this action." (Our emphasis).

This statement, while not doing so directly, alludes to the Constitutional guarantees against double jeopardy. Apparently the quasi-criminal nature of exemplary damages had some effect upon this determination. A more direct Constitutional reference appears in *Koerner* v. *Oberly* (1877), 56 Ind. 284. That court, in discussing a statute providing for exemplary damages for an act also punishable criminally, said:

> "We are of the opinion that the provision of the statute allowing exemplary damages . . . violates the fundamental principle embodied in the Bill of Rights that no person shall be put in jeopardy twice for the same offense."

The double jeopardy argument permeates virtually all cases similar to the one at bar. The Supreme Court of Indiana, speaking through Judge Niblack in *Schafer* v. *Smith* (1878), 63 Ind. 226, held:

> ". . . in cases like the one before us in which the defendant *might* be punished criminally, for the offense charged against him, in addition to the civil liability, exemplary damages could not be allowed." (Our emphasis)

If, as the cases indicate, the rationale supporting disallowal of punitive damages in actions involving assault and battery is a fear of violating constitutional safeguards against double jeopardy, that fear is without basis in the instant case. The statute limiting to two years the time in which criminal prosecution for the misdemeanor of assault and battery may be brought appears in Burns' § 9-304. Jeopardy attaches in Indiana no sooner than the swearing of the jury, which swearing took place as stated on October 19, 1964. We are not holding that one may be placed in criminal jeopardy by means of a civil proceeding, which would be an absurdity. We are merely following the same analogous reasoning engaged in by the Supreme and Appellate Courts of Indiana in the past. The assault was committed on January 13, 1962, well over

two years prior to the commencement of the present action. Thus, on January 14, 1964, and forever thereafter, appellant Leon Cohen was and is absolutely free from being placed in jeopardy for criminal assault and battery. This being the case, the jury was properly entitled to award exemplary damages if and as they saw fit. We, of course, have no way of knowing what proportion, if any, of the award was made to prevent repetition of the occurrence, but whether or not exemplary damages constituted part of the award, we cannot disturb it.

Finding no error in the proceedings below, the judgment appealed from is hereby affirmed.

Carson and Faulconer, JJ., concur, and Wickens, P. J., concurs in result.

NOTE.—Reported in 220 N. E. 2d 665.