PHILIP P. GLISSMAN; JEANETTE GLISSMAN; AND CHARLES GLISSMAN BY HIS NEXT FRIEND PHILLIP P. GLISSMAN *v.* CARL RUTT

[No. 3-975A208. Filed February 20, 1978. Rehearing denied April 12, 1978. Transfer denied June 19, 1978.]

*Glenn J. Tabor, Blachly, Tabor, Bozik & Hartman,* of Valparaiso, for appellants.

*Larry G. Evans, Clifford, Hoeppner, Houran, Wagner & Evans,* of Valparaiso, for appellee.

GARRARD, J.— The sole issue presented by this appeal is whether the court properly granted the defendant's motion for summary judgment on that portion of plaintiffs' claim which sought punitive damages.

Plaintiffs commenced their action to recover for personal injuries sustained in an automobile collision with a vehicle operated by the defendant. In addition to compensatory damages they sought punitive damages on the basis that the injuries were caused by defendant's wilful and wanton misconduct; that he was driving under the influence of alcoholic beverages; and that he left the scene of the accident.

The defendant moved for summary judgment as to the claim for punitive damages upon the basis that the conduct complained of was a violation of the criminal law; that he had been subjected to criminal prosecution therefor; and that he had been found not guilty of driving under the influence but had been convicted and sentenced for the offense of reckless driving. The court granted summary judgment on the basis that the criminal conviction barred any claim to punitive damages.[1] We affirm.

It is plaintiffs' sole contention that their claim for punitive damages is based upon the defendant acting with "heedless disregard of the consequences" and that, as such, they are within an exception to the Indiana rule announced in *Taber v. Hutson* (1854),

---

1. Appellants have not attempted to raise any issue concerning either identity of offenses or the effect of the not guilty finding. Accordingly, we limit our consideration to the central question.

5 Ind. 322 which prohibits recovery of punitive damages when a defendant has been found guilty of a criminal offense for the same conduct.[2] In support of this proposition they cite a statement to that effect from the First District's opinion in *Nicholson's Mobile Home Sales, Inc. v. Schramm* (1975), 164 Ind. App. 598, 330 N.E.2d 785. In that case plaintiffs had recovered a judgment against a corporate defendant including an award of punitive damages. In affirming against a contention that error was committed in the refusal to instruct the jury that punitive damages were not allowable "where the person is liable to both a criminal prosecution and a civil action," the court stated,

> "Three exceptions, applicable to the facts of this case, have been created to the *Taber* rule, however. The first is that conduct indicating a heedless disregard of the consequences will support an award of punitive damages. *True Temper Corp. v. Moore* (1973), 157 Ind. App. 142, 299 N.E.2d 844; *Capital [sic] Dodge, Inc. v. Haley* (1972), 154 Ind. App. 1, 288 N.E.2d 766; *Moore v. Crose* (1873), 43 Ind. 30. Also, if the statute of limitations has run on the criminal charges punitive damages may not necessarily be precluded. *Cohen v. Peoples* (1966), 140 Ind. App. 353, 220 N.E.2d 665 (dictum); *True Temper Corp. v. Moore, supra,* (time had not expired as of time of civil trial). Last, a corporation may remain liable for punitive damages since it cannot be prosecuted for the criminal acts of its agents. *Indianapolis Bleaching Co. v. McMillan* (1916), 64 Ind. App. 268, 113 N.E. 1019; *Baltimore & OSWR Co. v. Davis* (1909), 44 Ind. App. 375, 89 N.E. 403." 164 Ind. App. 598, 606, 330 N.E.2d 785, 790.

An examination of the cases cited for the "heedless disregard" exception does not support the *Schramm* conclusion.[3] Indeed, in none does it appear that the bar arising from potential or past criminal prosecution was raised by the defendant.

2. Since it is undisputed that Rutt was, in fact, convicted of a criminal offense for his conduct, we do not address the question of barring punitive damages where there is merely the possibility of criminal prosecution. *See The Imposition of Punishment by Civil Courts: A Reappraisal of Punitive Damages,* 41 N.Y.U.L. Rev. 1158.

3. In *True Temper Corp. v. Moore* (1973), 157 Ind. App. 142, 299 N.E.2d 844 the punitive damage award was against a corporation which was not subject to criminal prosecution. The term "heedless disregard, etc." was used in discussing the *grounds* for securing punitive damages. The same was true in *Capitol Dodge, Inc. v. Haley* (1972), 154 Ind. App. 1, 288 N.E.2d 766. *Moore v. Crose* (1873), 43 Ind. 30 reversed an award of punitive damages where the instruction given by the court permitted them to be assessed without any showing of "malice, insult, or deliberate oppression."

Should we nevertheless establish such an exception? To answer this, the nature of the rule should be examined.

At the outset it must be recalled that a civil litigant has no absolute *right* to secure punitive, or exemplary, damages. *Indianapolis Bleaching Co. v. McMillan* (1916), 64 Ind. App. 268, 113 N.E. 1019. They are awarded in furtherance of public policy to promote the public safety and punish and deter certain wrongdoers. *Jerry Alderman Ford Sales v. Bailey* (1972), 154 Ind. App. 632, 291 N.E.2d 92.

Considering this basis for punitive damages, the court in *Taber v. Hutson* (1854), 5 Ind. 322, 325, reversed an award in a civil action for assault and battery, stating,

> "Where the defendant is sued for the commission of a tort, such as slander, an offense not the subject of criminal punishment, the rule that gives damages 'to punish the offender,' may, with some degree of propriety, be applied, because it is the only mode in which, by public example, the various rights in community to personal security and private property can, under the sanction of law, be protected from injury and outrage. In such a case, there is wisdom in permitting a jury to 'blend together the interest of society and of the aggrieved individual.'

> But there is a class of offenses, the commission of which, in addition to the civil remedy allowed the injured party, subjects the offender to a state prosecution. To this class the case under consideration belongs; and if the principle of the instruction be correct, Taber may be twice punished for the same assault and battery. This would not accord with the spirit of our institutions. The constitution declares, that 'no person shall be twice put in jeopardy for the same offence;' and though that provision may not relate to the remedies secured by civil proceedings, still it serves to illustrate a fundamental principle inculcated by every well-regulated system of government, viz., that each violation of the law should be certainly followed by one appropriate punishment and no more.

> The state has undertaken to vindicate her own wrongs; and can there be any valid reason why such vindication should be the result of a suit in favor of a private individual? It matters little to the offender what be the form in which he pays the penalty, so that he pays but once; but the rules of pleading and evidence do not permit a judgment like the present to be set up

as a bar to a state prosecution. Hence the defendant still remains liable to be tried and convicted for a public offense. Though liable to be punished, a criminal proceeding may not, it is true, be instituted against him; but that contingency does not affect the principle involved, because the penalty which he has incurred belongs to the state, and her failure to sue for it would furnish no reason for its recovery in this action."

While a subsequent decision, *Koerner v. Oberly* (1877), 56 Ind. 284, did equate the rule with the constitutional mandate against double jeopardy,[4] the court later determined the rule was not constitutionally compelled. *State ex rel. Beedle v. Schoonover* (1893), 135 Ind. 526, 35 N.E. 119.[5]

The reasons behind the rule do not appear to have been scrutinized since *Beedle*. In view of the current popularity of claims for punitive damages, perhaps our Supreme Court or the legislature should consider the entire subject including the bar announced in *Taber*.[6]

Nevertheless it is clear that the rule announced by our Supreme Court in *Taber* has been adhered to and is binding upon this court. Under such circumstances it would be wholly illogical and contrary to the basic concerns of punitive damages to bar their recovery against one whose conduct constituted a criminal violation which was characterized by deliberate and malevolent intent against the victim, but permit both criminal prosecution and the sanction of punitive damages where the defendant's conduct merely exhibited a "heedless disregard of the consequences" to his victim.

The court therefore correctly ruled on the motion.

4. We consider the application of Article 1, Sec. 14 of the Indiana Constitution. Due to interpretation of the 5th Amendment limiting double jeopardy to successive *criminal* proceedings, the result is not mandated by the federal constitution. *See Breed v. Jones* (1975), 421 U.S. 519, 95 S. Ct. 1779, 44 L. Ed.2d 346.

5. Although not discussed in any of our Supreme Court decisions it may be possible to justify Indiana's departure from the traditional common law rule on a theory of legislative preemption. *Compare* the decision in *Beedle, supra*, with the last paragraph quoted from *Taber, supra*.

6. Consider, e.g., IC 35-41-2-3, effective October 1, 1977 which purports to establish general criminal liability of corporations for acts committed by corporate agents acting within the scope of their authority.

Affirmed.

Hoffman, J. and Buchanan, J. (sitting by designation) concur.

NOTE—Reported at 372 N.E.2d 1188.