**Tasha SMITH, Mollie A. Smith, and Michael L. Smith, Plaintiffs-Appellants,**

v.

**Fred MILLS, Jr., Defendant-Appellee.**

**No. 1–1078A306.**

Court of Appeals of Indiana,
First District.

Feb. 27, 1979.

Rehearing Denied March 27, 1979.

Leon D. Cline, Cline, King & Beck, Columbus, for plaintiffs-appellants.

John T. Sharpnack, James F. Rosner, Sharpnack, Bigley, David & Rumple, Columbus, for defendant-appellee.

LOWDERMILK, Judge.

## STATEMENT OF THE CASE

Plaintiffs-appellants Tasha Smith, Mollie A. Smith, and Michael L. Smith (the Smiths) appeal after the Bartholomew Superior Court granted the motion for partial summary judgment filed by defendant-appellee Fred Mills, Jr. (Mills) on the portion of the Smiths' claim in which they sought punitive damages.

## FACTS

The Smiths and Mills were involved in an automobile collision on October 1, 1976. On October 13, 1976, Mills was charged with disorderly conduct and operating a motor vehicle while under the influence, based upon the October 1 incident. Two days later, Mills was charged with operating a motor vehicle while under the influence, based upon an incident which occurred July 15, 1976.

In support of the motion for partial summary judgment, Mills filed affidavits signed by himself and by the Deputy Prosecuting Attorney. The following paragraph appears in both affidavits:

"5. That pursuant to a negotiated plea bargain, whereby Fred Mills, Jr., agreed to accept criminal punishment for all the charges against him in the form of a fine and a restricted drivers license, the State of Indiana agreed to consolidate all charges pending against Fred Mills, Jr., and agreed to dismiss all charges described in paragraph 2 above and accept punishment in full by a plea to Operating a Motor Vehicle while under the Influence with respect to the charge described in paragraph 3 above."

The Smiths responded with an affidavit from the Deputy Prosecuting Attorney, who averred that the State had dismissed all criminal charges filed against Mills related to the collision which occurred October 1, 1976; that no trial had been conducted on those charges and no jury impaneled to hear evidence on those charges; that Mills had neither entered a plea of guilty nor been found guilty of any crimes related to the collision which occurred October 1, 1976; and that the State would file no new charges against Mills based upon the October 1, 1976, incident.

We quote a portion of the findings entered by the trial court:

"1. That the dismissal of the criminal charges arising out of the accident complained of in plaintiffs' complaint was part of a plea bargain whereby defendant would plead guilty to a prior O.M.V.U.I. and receive punishment.

2. That said criminal charges, by being included in the consideration of the overall plea bargain, constituted punishment in full for all outstanding charges.

3. That, therefore, defendant has been subjected to criminal prosecution and been punished for the conduct arising out of the accident complained of here. See *Glissman v. Rutt*, [Ind.App.] 372 N.E.2d 1188, (1978).

4. That the plaintiff's affidavit filed herein simply states that the said criminal charges have been dismissed and will not be refiled but does not satisfactorily answer the circumstances of dismissal set out by the same affiant in defendant's affidavit filed herein.

5. That in paragraph 5 of defendant's affidavit of the deputy prosecutor filed herein, he states 'That pursuant to a negotiated plea bargain, whereby Fred Mills, Jr., agreed to accept criminal punishment for all the charges against him in the form of a fine and a restricted drivers license, the State of Indiana agreed to consolidate all charges pending against Fred Mills, Jr., and agreed to dismiss all charges described in paragraph 2 above and accept punishment in full by a plea to Operating a Motor Vehicle while under the Influence with respect to the charges described in paragraph 3 above.' "

We are constrained to hold that the trial court erred when it granted Mills' motion for partial summary judgment.

## ISSUE

Mills lists only one issue: "whether or not a defendant in a civil action can be liable

for punitive damages by reason of conduct which was also the basis for criminal charges for which the defendant received punishment."

## DISCUSSION AND DECISION

Paragraph number four of the trial court's findings reveals the reason the trial court granted the motion for partial summary judgment: The Smiths failed to rebut Mills' allegation that he had already been punished for the actions upon which the Smiths sought to base their claim for punitive damages.

■ Mills insisted that the punishment he received pursuant to the terms of a plea bargain agreement was punishment for all charges related to the collision with the Smiths. Regardless of Mills' interpretation of the plea bargain agreement, or even the Deputy Prosecuting Attorney's interpretation, our criminal code does not provide for punishment of any person until and unless he has been convicted. The affidavit filed by the Smiths shows that Mills never entered a plea of guilty and never was found guilty of any crimes charged as a result of the collision with the Smiths.

We will briefly examine the authorities upon which Mills relies.

Mills contends that the case of *Glissman v. Rutt*, (1978) Ind.App., 372 N.E.2d 1188, controls our decision. In *Glissman, supra,* the trial court granted a motion for summary judgment as to punitive damages because the defendant had previously been convicted of a crime related to the same incident. In the case at bar, Mills has been convicted of no crime related to the collision with the Smiths.

Mills cites *Stowers v. State,* (1977) Ind., 363 N.E.2d 978, as authority for his statement that once a plea bargain has been accepted, jeopardy attaches and a subsequent trial on the charges would be barred. In studying Justice DeBruler's opinion in *Stowers, supra,* at page 982 of 363 N.E.2d we find the following explanation:

". . . While a court must be cautious here for the protection of the accused, *once the plea has been entered and accepted* by a court of competent jurisdiction upon a regular determination of factual basis and voluntariness, jeopardy attaches and absent waiver of jeopardy rights through a knowing and voluntary withdrawing of the plea by the accused, a subsequent trial on the charges would be barred by the Constitution. . . ." (Our emphasis)

Mills entered no plea of guilty for charges related to the collision with the Smiths.

The cases Mills cites from the West Virginia and Arizona courts only serve as authority for the rule that the State could not pursue charges if doing so would violate the terms of the plea bargain agreement. The cases do not address the issue of Mills' liability for punitive damages in a civil suit.

Mills argues that he "was brought to trial on all charges and was punished for all crimes charged even though he only pled to one charge and the others were dismissed." We assume that this statement is the product of excess zeal and not an intentional misstatement of the facts. The record indicates that Mills was not brought to trial on the charges related to the collision with the Smiths; instead, the charges were dismissed. As stated previously, our criminal code prescribes the imposition of punishment only after conviction.[1]

■ Finally, Mills argues that the granting of the motion for partial summary judgment was proper even if he had not already been punished, for the charges could have been refiled at any time prior to October 1, 1978.

The affidavits filed in support of and in opposition to the motion for partial summary judgment show that the State had entered into a specifically enforceable agreement that prevented the State from refiling the criminal charges against Mills. In *Co-*

---

1. See IC 1971, 35–8–1A–1, *et seq.* (Burns Code Ed.); Ind.Code 35–4.1–4–1, *et seq.*; and IC 1971, 9–4–1–54 (Burns Code Ed., Supp.1977).

hen v. Peoples, (1966) 140 Ind.App. 353, 358, 220 N.E.2d 665, Judge Prime wrote that, because the two-year period of limitation for bringing the criminal charges had expired, "the jury was properly entitled to award exemplary damages if and as they saw fit." Since Mills, likewise, was not subject to criminal prosecution (due to the plea bargain agreement with the State), the issue of punitive damages was not a proper issue for resolution by summary judgment.

Although the rule preventing recovery of punitive damages due to the possibility of criminal prosecution is no doubt ripe for reexamination,[2] the parties have presented a very limited issue in this appeal and we have restricted our review to the arguments presented.

Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

LYBROOK, P. J., and ROBERTSON, J., concur.

---

2. See Judge Garrard's comment in *Glissman v. Rutt* (1978), Ind.App., 372 N.E.2d 1188.