**Edgar S. HUSTED and Husted and Husted, A Partnership, Defendants-Appellants,**

v.

**Herman McCLOUD, Plaintiff-Appellee.**

**No. 1–1181A320.**

Court of Appeals of Indiana, First District.

June 14, 1982.
Rehearing Denied July 30, 1982.

Geoffrey Segar, Philip A. Whistler, Ice, Miller, Donadio & Ryan, Indianapolis, for defendants-appellants.

David A. Ault, Wernle, Ristine & Ayers, Crawfordsville, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Edgar Husted appeals from that portion of a judgment of the Montgomery Circuit Court awarding Herman McCloud punitive damages in an action involving conversion of funds. The partnership of Husted and Husted appeals both the award of punitive and compensatory damages as against itself. We affirm.

## FACTS

Herman McCloud was the executor of his mother's estate. The firm of Husted and Husted was retained to act as attorneys for the estate. The partnership consisted of Selwyn and Edgar Husted. After the estate was closed, an Internal Revenue Service (IRS) audit and reappraisal of certain real estate resulted in an additional estate tax liability of $18,006.73. McCloud prepared a check payable to the IRS and a separate check for attorney fees. However, Edgar falsely represented that the exact amount of the tax liability was unknown. He instead took McCloud's check for $18,800.00, payable to the Husted and Husted Trust Account at Edgar's instance, and indicated that he would pay the liability upon exact determination and keep the remainder as his fee. There was no Husted and Husted Trust Account in existence. Edgar instead deposited the check into his own personal account and converted the funds to his own use.

Edgar Husted then induced officials of the First National Bank and Trust Company of Crawfordsville to issue a check from the estate of Walter Fletcher, deceased, in the exact amount needed to pay the additional estate tax liability on the estate of Maude McCloud. This check was credited to the McCloud estate by the IRS. Edgar advised McCloud that the additional taxes had been paid and delivered to McCloud a cash register receipt and computer transcript which purported to show payment. Although McCloud repeatedly asked therefor, Edgar never returned the cancelled check.

In December of 1978, Edgar Husted's misconduct was uncovered. Edgar entered into a plea agreement with the Montgomery County Prosecutor in which Edgar agreed to plead guilty to three counts of theft and one count of forgery involving the handling of three estates (McCloud's was not one of them), made full disclosure of and to the clients who had suffered losses as a result of his actions, and tendered his resignation as an attorney to the Indiana Supreme Court. In exchange therefor, the prosecutor promised not to prosecute on any charges arising from Edgar's disclosures of misconduct in cases other than the three charged in the plea agreement.

The IRS subsequently revoked the satisfaction of the estate tax liability of the McCloud estate, reassessed the additional tax due, and also assessed additional interest of $2,795.24. An additional penalty of $3,034.35 was later dropped. McCloud then paid the additional tax due from his savings and a loan he procured for that purpose.

Edgar pleaded guilty to the four felony charges as agreed and was convicted and sentenced to prison. McCloud subsequently filed a damages action when restitution was not forthcoming.

## ISSUES

The appellant presents five issues, which for purposes of the appeal can be consolidated into the following three issues.

1. Did the trial court err in awarding punitive damages against Edgar?

2. Did the trial court err in awarding punitive damages against the partnership of Husted and Husted?

3. Did the trial court err in awarding compensatory damages against the partnership of Husted and Husted?

## DISCUSSION AND DECISION

*Issue One*

Punitive or exemplary damages may be appropriate where there is a finding of fraud, malice, gross negligence, or malicious or oppressive conduct on the defendant's part. *Vaughn v. Peabody Coal Co.,* (1978) Ind.App., 375 N.E.2d 1159, 1163. Conversely, punitive damages are not appropriate where the defendant is or may be subject to criminal prosecution for the same act. *Taber v. Hutson,* (1854) 5 Ind. 322, 325–27; *Moore v. Waitt,* (1973) 157 Ind. App. 1, 7–8, 298 N.E.2d 456, 460 (rule based on possibility of criminal prosecution, not probability of prosecution). However, there are exceptions to this rule. If the statute of limitations has run on the criminal charges, punitive damages may not necessarily be precluded. *Cohen v. Peoples,* (1966) 140 Ind.App. 353, 356–58, 220 N.E.2d 665, 668–69, *trans. denied* (1967) (dictum). Also, corporations may remain liable for punitive damages since they cannot be prosecuted for the criminal acts of their agents. *Indianapolis Bleaching Co. v. McMillan,* (1916) 64 Ind.App. 268, 113 N.E. 1019, *trans. den.* (1917); *Baltimore & O. Sw. R. R. v. Davis,* (1909) 44 Ind.App. 375, 89 N.E. 403. Clearly, where there is no possibility of criminal prosecution, the defendant may remain liable for exemplary damages.

Punitive damages are not intended to compensate the claimant, but rather are intended to punish the wrongdoer and thereby deter others from engaging in similar conduct in the future. *Hoosier Insurance Co. v. Mangino,* (1981) Ind.App., 419 N.E.2d 978, *trans. denied; Nate v. Galloway,* (1980) Ind.App., 408 N.E.2d 1317, *trans. denied.* Appellant Edgar Husted

contends that by being subjected to an award of punitive damages, he has, in effect, been punished twice, the first punishment being the conviction and prison sentence he got upon pleading guilty in the criminal action against him. Edgar Husted's contention is incorrect.

We believe *Smith v. Mills,* (1979) Ind. App., 385 N.E.2d 1205, *trans. denied,* is controlling in the instant case. In *Smith,* plaintiff was awarded compensatory and punitive damages in an action arising from an automobile collision. Defendant Mills argued that punitive damages were inappropriate as he had been "brought to trial on all charges and was punished for all crimes charged even though he only pled to one charge and the others were dismissed." *Smith,* 385 N.E.2d at 1207. Mills had pleaded guilty to and was convicted of a charge of operating a motor vehicle while under the influence. The incident leading to such charge occurred subsequent to the collision for which the Smiths sought recovery. In exchange for Mills' guilty plea, the prosecutor agreed to drop all charges in connection with the Smith accident. The court noted that "[t]he affidavits filed in support of and in opposition to the [defendant's] motion for partial summary judgment show that the State had entered into a specifically enforceable agreement that prevented the State from refiling the criminal charges against Mills." *Smith,* 385 N.E.2d at 1207. This is substantially the same case presented by the facts in the instant case.

The record and plea agreement in this case indicate that Edgar was charged with and pleaded guilty to four felony counts arising from his misconduct in the handling of three estates. McCloud's estate was not among the estates from which charges arose. McCloud's estate was, in fact, among those for which the prosecutor had agreed not to bring charges. By this agreement, the prosecution was precluded from ever bringing charges for Edgar's misconduct in the handling of the other estates, about which Edgar made disclosure to the prosecutor. Here there is no possibility of criminal penalty arising from Edgar Husted's handling of the McCloud estate. *See*

*generally Moore v. Waitt,* (1973) 157 Ind. App. 1, 298 N.E.2d 456. This was effectively precluded by the plea agreement.

■ As the court noted in *Smith,* "our criminal code prescribes the imposition of punishment only after conviction." (Footnote omitted.) *Smith,* 385 N.E.2d at 1207. Here Edgar Husted claims he has been punished by the conviction for all his transgressions. It is surely myopic to pretend that Edgar has received punishment for all his crimes when he was convicted of violations in the handling of only three estates. According to the rationale advanced in *Smith,* Edgar could not have been punished for his misconduct in connection with the McCloud estate because he was not convicted for such misconduct. The *Taber* rule will not, therefore, bar an award of punitive damages in a subsequent civil action, such as in the McCloud case.

■ Appellant Edgar Husted also argues that the trial court's decision must be reversed, if only because the trial court made no finding that imposing punitive damages against Edgar would serve the public interest. Appellant contends that such a finding is "absolutely necessary" because "*only* where such finding has been made" may punitive damages be imposed. Appellant is misinformed. *Hibschman Pontiac, Inc. v. Batchelor,* (1977) 266 Ind. 310, 362 N.E.2d 845, upon which appellant relies, is, in the first instance, a contract case in which punitive damages are generally not allowed. *Vernon Fire & Casualty Insurance Co. v. Sharp,* (1976) 264 Ind. 599, 349 N.E.2d 173. Secondly, *Hibschman* merely states that "where a separate tort accompanies the breach [of contract] or the elements of tort mingle with the breach, it must appear that the public interest will be served by the deterrent effect of the punitive damages." *Hibschman Pontiac, Inc.,* 362 N.E.2d at 848. Even assuming that the public interest requirement applies in all cases involving an award of punitive damages, we still do not read *Hibschman* as mandating a finding that an award of punitive damages would serve the public interest. It need merely

appear that the public interest would be served. In light of the foregoing discussion concerning Edgar's lack of punishment in the handling of the McCloud estate, we feel it is abundantly clear from the record in this case that the public interest would be served in awarding punitive damages against Edgar Husted. There is no error in the trial court's failure to make a specific finding.

Appellant Edgar Husted further contends that McCloud is estopped from recovering punitive damages by virtue of his prior plea for leniency on Edgar's behalf. This claim is without merit. When Edgar was to be sentenced after pleading guilty to the four felony charges, the prosecutor indicated that McCloud could make known his recommendations for sentencing. The trial court found that, based upon Edgar's representation that he would fully repay McCloud's losses, McCloud testified at the sentencing hearing that a prison sentence would not serve a useful purpose in light of the disgrace and losses suffered by Edgar Husted and recommended that no criminal penalties be assessed if Edgar made full restitution. Edgar asserts that because of McCloud's plea, McCloud is now estopped from recovering punitive damages.

■ Were we to allow such a defense, we would benefit only Edgar by allowing him to reap the fruits of his misrepresentations. This we will not do. McCloud was neither a party to the criminal action against Edgar Husted, nor at risk in such action. He was not bound by the judgment of the criminal proceeding, and further, made his plea based upon Edgar's misrepresentations concerning restitution. Herman McCloud is not estopped from recovering punitive damages from Edgar Husted in a subsequent civil proceeding for damages.

■ Finally, the awarding of punitive damages in Indiana is discretionary. *Utopia Coach Corp. v. Weatherwax*, (1978) Ind. App., 379 N.E.2d 518. This court will not overturn the action of the trial court absent a showing of abuse of discretion. Such abuse is shown only when the trial court's action is clearly against the logic and effect

of the facts and circumstances before the court or reasonable and probable inferences to be drawn therefrom. *English Coal Co. v. Durcholz*, (1981) Ind.App., 422 N.E.2d 302, *trans. denied; State v. Cowdell*, (1981) Ind. App., 421 N.E.2d 667. From the record before us, we cannot say that the trial court abused its discretion in awarding punitive damages against Edgar Husted.

*Issue Two*

The trial court did not err in awarding punitive damages against the partnership of Husted and Husted.

Appellant Husted and Husted, a partnership, alleges that the trial court erred in awarding punitive damages against the partnership for two reasons. First, appellant indicates that there was "no evidence that [Selwyn Husted] either knew of, authorized, or ratified the wrongful acts of Edgar Husted." Appellant also contends that the award is in error because the trial court based the award, in part, upon the theory that the partnership breached an independent duty to the plaintiff to supervise the activities of Edgar Husted. We disagree. Since there is a sufficient basis upon which we may uphold the trial court's judgment, it is unnecessary to address the theory of independent breach of duty by the partnership.

■ In its conclusions of law the trial court expressly relied upon the provisions of Indiana's Uniform Partnership Act, Ind. Code §§ 23-4-1-1 to 43 (1976). Section 13 states that

"[w]here, by *any wrongful act* or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, *loss or injury is caused to any person*, not being a partner in the partnership, or *any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting* or omitting to act." (Emphasis supplied.)

In the instant case, we have the wrongful act of conversion by Edgar Husted, a partner in the partnership of Husted and Hust-

ed. A loss was occasioned to be suffered by Herman McCloud. Finally, a penalty involving an award of punitive damages was granted against Edgar Husted. The application of the statute is clear—the partnership is liable to the same extent as the partner. The trial court properly based its conclusion, that the partnership of Husted and Husted was liable to Herman McCloud, upon this express statutory language.

■ Further, Section 14 states that

"[t]he partnership is bound to make good the loss:

(a) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it, and

(b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership."

Appellant partnership alleges that Edgar's acts were not done within the ordinary course of the partnership business and the partnership, therefore, cannot be liable for damages. The partnership seems to indicate that conversion is not within the ordinary course of partnership business. Were we to allow such a defense, it would be virtually impossible for a plaintiff to recover against a defendant partnership for any misappropriation of funds resulting from the acts of an individual partner. This would clearly contravene the legislative intent expressed in the Uniform Partnership Act. Here, Edgar took McCloud's check, representing that the estate tax liability was undetermined, but that it could be paid from the check given by McCloud, with the remainder as Edgar's fee. This would appear to be within the apparent authority of an attorney handling the estate of a decedent. We hold that Edgar Husted was acting within the ordinary course of partnership business when he appropriated McCloud's funds. Therefore, the partnership is liable and bound to make good the damages.

■ Appellant partnership also alleges that the other members of the partnership must know of the partner's misconduct or ratify it before the partnership will be liable. An examination of the applicable statutes is enough to dispel this notion. Nowhere is the knowledge of the other partners required before the partnership can be held liable. According to the Uniform Partnership Act, once a partner is liable for a misappropriation committed within the ordinary course of the partnership business, the partnership is also liable and bound to make good the loss.

■ The partnership alleges that no award can be made against it because there was no finding that the public interest would be served by awarding punitive damages. For the reasons given heretofore we believe that there need be no specific finding that an award of punitive damages would serve the public interest. Also, as the partnership is liable for "any penalty," Ind.Code § 23–4–1–13 (1976), there need be no finding here, where punitive damages were awarded against Edgar.

■ Finally, appellant partnership contends that the trial court erred insofar as it based its findings upon an independent breach of duty owed to the plaintiff by the partnership. Appellant contends this is contrary to law and not supported by sufficient evidence. However, we need not decide this issue. This court is bound to affirm the trial court's decision if there is any legal ground on the record for affirmance, even if the trial court gave an erroneous reason for its decision. *Kranda v. Houser-Norborg Medical Corp.*, (1981) Ind.App., 419 N.E.2d 1024, *trans. denied* Ind.App., 424 N.E.2d 1064; *Thrasher v. Van Buren Township of Monroe County*, (1979) Ind.App., 394 N.E.2d 215; *Board of Zoning Appeals of Fort Wayne v. Shell Oil Co.*, (1975) 164 Ind.App. 497, 329 N.E.2d 636, *trans. denied* (1976). Here the record is clear. The trial court based its award of punitive damages upon the express provisions of Indiana's Uniform Partnership Act. This is sufficient to sustain the award of punitive damages against the partnership.

*Issue Three*

The trial court did not err in awarding compensatory damages against the partnership of Husted and Husted.

Appellant partnership contends that the trial court erred in awarding compensatory damages against the partnership based upon a theory of independent negligence and based upon a finding that Edgar's misconduct was committed within the ordinary course of the partnership business. We find no merit in the partnership's contentions.

Appellant partnership again raises as error the finding of the trial court that Edgar committed his misconduct in the ordinary course of partnership business. We previously dealt with the partnership's contention in light of the punitive damages award, and our rationale applies equally to an award of compensatory damages. However, appellant additionally raises as an issue the language used by the trial court in making the requested special findings of fact and conclusions of law. In its findings of fact, the trial court found that Edgar acted within "the ordinary course of the business of the partnership," (Record at 167–68), while in its conclusions of law the court concluded that Edgar had acted within "the course of partnership business," (Record at 170). Appellant partnership contends that this discrepancy is grounds for reversal.

■ It is generally acknowledged that nothing can be added to a special finding of fact by presumption, inference, or intendment. *Cook v. Michigan Mutual Liability Co.*, (1972) 154 Ind.App. 346, 289 N.E.2d 754, *trans. denied* (1973). However, it is also generally noted that findings of fact and conclusions of law must be construed liberally in favor of the trial court's judgment. *Masson Cheese Corp. v. Valley Lea Dairies, Inc.*, (1980) Ind.App., 411 N.E.2d 716, *trans. denied.* In *In re Marriage of Miles*, (1977) 173 Ind.App. 5, 8, 362 N.E.2d 171, 174, *trans. denied*, the court indicated that

"the purpose of special findings is to provide the parties and reviewing courts with the theory on which the judge decided the case in order that the right of review for error may be effectively preserved. . . . [W]hether the findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment." (Citations omitted.)

Here the appellant contends that failing to use the word "ordinary" in describing the course of business of the partnership, in the conclusions of law, while using such in the findings of fact, is an error worthy of reversal. We cannot agree. This court is not confused as to the basis upon which the trial court made its decision. It is clear that the trial court determined that Edgar acted within the ordinary course of partnership business. To argue otherwise would put an undue burden upon the appellee and do injustice to the rationale of *Miles.*

■ Appellant also argues that there was no showing that the partnership ever took possession of McCloud's money. However, this does not bear on the plaintiff's right to recover in this case. Ind.Code § 23–4–1–14 (1976) indicates that the partnership is liable to make good the loss where "one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it. . . ." We have already noted that Edgar was acting within his apparent authority when he took McCloud's check and misappropriated it. The partnership is liable, therefore, without a showing that it took McCloud's money.

■ Appellant further argues that it was afforded no notice as to plaintiff's theories at trial. Appellant specifically indicates that no notice of a negligent entrustment theory or negligent handling of the estate by Selwyn Husted gave rise to unfair surprise and prejudice. We cannot agree. In the plaintiff's complaint and subsequent amended complaint, McCloud alleged that Edgar Husted committed his misconduct within the scope of his duties as a partner in the partnership of Husted and Husted, that Selwyn negligently failed to maintain adequate records and procedures to discover

the loss of plaintiff's funds, and prayed for relief against Edgar, Selwyn, and the partnership of Husted and Husted. Indiana has long recognized notice pleading. From the allegations and prayer for relief presented in McCloud's complaint and amended complaint, the partnership was put on notice that the action would be brought both against the partners individually and against the partnership itself. Precise theories that the plaintiff intended to rely on at trial could have been determined via the discovery mechanism. They were not. Appellant cannot now be heard to complain of the result. However, even if the appellant partnership were deprived of notice as to the negligent entrustment or handling theories, this court still could not reverse the judgment of the trial court. As we stated previously, there exists an adequate, independent ground upon which to affirm the trial court's decision under the Indiana Uniform Partnership Act. Such ground would preclude the finding of reversible error.

Finally, the partnership raises as error McCloud's failure to present expert testimony to establish the standard of care in a law office negligence case. As we have noted above, the trial court's verdict of punitive damages against the partnership of Husted and Husted can be sustained on the basis of its reliance upon the provisions of the Uniform Partnership Act. *Kranda; Thrasher.* The same can be said of an award for compensatory damages. By showing that Edgar committed conversion in the ordinary course of partnership business, McCloud made a *prima facie* showing under the Uniform Partnership Act of the partnership's liability. Under the facts of this case there would be no need to establish a standard of care for the partnership as liability is predicated upon the language of the statute.

Affirmed.

NEAL and ROBERTSON, JJ., concur.