**Edgar S. HUSTED, Husted & Husted, A Partnership, and George L. Hanna, As Personal Representative of the Estate of Selwyn F. Husted, Deceased, The First National Bank & Trust Company of Crawfordsville, and State Bank of Oxford, Defendants-Appellants,**

v.

**Nellie Mae GWIN, and Nellie Mae Gwin Farms, Inc., Plaintiffs-Appellees.**

No. 1–782A173.

Court of Appeals of Indiana, First District.

April 5, 1983.

Geoffrey Segar, Philip A. Whistler, Ice Miller Donadio & Ryan, Indianapolis, for defendants-appellants.

Terry E. Harris, Young, Harris & Harvey, Crawfordsville, for plaintiffs-appellees.

NEAL, Judge.

STATEMENT OF THE CASE

Defendants-appellants [1] Edgar S. Husted; Husted & Husted, a partnership; and George L. Hanna, as personal representative of the estate of Selwyn F. Husted, deceased, appeal the judgment of the Montgomery Circuit Court in a trial to the court in favor of plaintiffs-appellees Nellie Mae

---

4. *See: C.J.S. Banks and Banking* § 178 (1938).

1. Prior to trial the case was dismissed as to the two bank defendants: The First National Bank

& Trust Company of Crawfordsville and State Bank of Oxford, pursuant to a settlement agreement between the banks and plaintiffs.

Gwin, and Nellie Mae Gwin Farms, Inc. (Gwins or Gwin farm) on their action for damages. The trial court found both the partnership and the estate of Selwyn Husted liable in the amount of $80,000 for the wrongful acts of Edgar Husted who misrepresented a settlement amount and deposited his clients' funds into his own personal trust account for his own use.

We affirm.

### STATEMENT OF THE FACTS

The facts most favorable to the judgment disclose that Husted & Husted was a partnership engaged in the practice of law in Crawfordsville, Indiana from 1964 until approximately January 19, 1979. Edgar Husted and his now deceased father, Selwyn Husted were the only partners of the firm.

Sometime in 1976, a judgment of $500,000 was entered upon a verdict in favor of one Ruth Watson in a lawsuit (Watson lawsuit.) [2] for personal injuries brought against Nellie Mae Gwin. Mrs. Gwin had liability insurance of only $50,000. Edgar Husted was then retained to represent her in a subsequent lawsuit brought to subject the Gwin farm to the payment of the $450,000 uninsured portion of the judgment with interest.

Thereafter, Edgar Husted misrepresented to the Gwins that he had succeeded in negotiating a settlement with Watson's attorney for a reduction in the principal amount of the $450,000 judgment remaining from the Watson lawsuit. Edgar further misrepresented to Gwins that he had succeeded in renegotiating a dismissal of the subsequent lawsuit and that attorney St. John had agreed to rebate part of the fee previously advanced to him for services rendered.

In fact, Edgar Husted had not obtained any forgiveness of the $450,000 nor of the $9,000 interest. Also, Edgar had not obtained any agreement from attorney Vernon St. John to rebate a portion of his attorney's fees.

**2.** Mr. Vernon St. John represented Mrs. Gwin in the Watson lawsuit; Edgar Husted did not

Pursuant to receivership, the Gwin farm was sold in execution of the judgment in the Watson lawsuit, and the $459,000 judgment was paid. Upon termination of the receivership, the amount of $59,295.56 remained from the sale of the farm. The receiver delivered to Edgar Husted a check for $59,295.56 made payable to Nellie Mae Gwin and Nellie Mae Gwin Farms, Inc. Edgar Husted endorsed the check and deposited the $59,295.56 into his personal trust account for his own use.

Sometime later, Edgar Husted misrepresented to Gwins that he had placed the remaining proceeds from the sale of the Gwin farm into a trust for Nellie Mae Gwin, and Edgar Husted even sent a fictitious accounting for the trust to Gwins.

Edgar Husted confessed judgment in the amount of $80,000, and his liability is not in dispute in this appeal. The trial court concluded that the partnership of Husted & Husted is liable for the wrongful acts and omission of Edgar Husted, who acted as a partner in the ordinary course of the partnership's business, which acts bind the partnership. In addition, the trial court found that the estate of Selwyn Husted, now deceased, is also liable to Gwins for payment of the $80,000 judgment.

### ISSUES

The issues presented for review have been consolidated and restated as follows: Did the trial court err in entering judgment against the partnership and the estate of Selwyn Husted, a deceased partner, for the individual misconduct of Edgar Husted?

### DISCUSSION AND DECISION

■ Appellants essentially argue that Edgar Husted's misconduct is not something which is done in the ordinary course of the business of a law partnership. Furthermore, Edgar Husted acted entirely for his own benefit, and his wrongful acts did

represent Gwins at this time.

not enhance the partnership. Finally, Edgar Husted acted without the knowledge of the other partner, Selwyn Husted, in making misrepresentations to Gwins and misappropriating his clients' funds.

In so arguing, appellants rely almost entirely on cases from other jurisdictions to establish that innocent partners are not liable for the intentional torts of a co-partner where the wrongful acts are committed solely for his private benefit and without any purpose or intent to benefit the business of the partnership. Such an argument is untenable in light of the Indiana statutes and case law.

The recent case of *Husted v. McCloud,* (1982) Ind.App., 436 N.E.2d 341, is dispositive of this appeal. Edgar Husted and the partnership of Husted & Husted were defendants in the *McCloud* case. There, Edgar Husted misappropriated a client's funds for his own use, which misconduct resulted in his conviction and a prison sentence on four felony charges. Like Gwins in the instant case, McCloud filed a damages action against both Edgar Husted and the partnership. We believe that the discussion and decision of the court in *McCloud* applies directly to the case at bar. Therein, Judge Ratliff held:

> "Appellant partnership alleges that Edgar's acts were not done within the ordinary course of the partnership business and the partnership, therefore, cannot be liable for damages. The partnership seems to indicate that conversion is not within the ordinary course of partnership business. Were we to allow such a defense, it would be virtually impossible for a plaintiff to recover against a defendant partnership for any misappropriation of funds resulting from the acts of an individual partner. This would clearly contravene the legislative intent expressed in the Uniform Partnership Act. Here, Edgar took McCloud's check, representing that the estate tax liability was undetermined, but that it could be paid from the

check given by McCloud, with the remainder as Edgar's fee. This would appear to be within the apparent authority of an attorney handling the estate of a decedent. We hold that Edgar Husted was acting within the ordinary course of partnership business when he appropriated McCloud's funds. Therefore, the partnership is liable and bound to make good the damages.

> Appellant partnership also alleges that the other members of the partnership must know of the partner's misconduct or ratify it before the partnership will be liable. An examination of the applicable statute is enough to dispel this motion. Nowhere is the knowledge of the other partners required before the partnership can be held liable. According to the Uniform Partnership Act, once a partner is liable for a misappropriation committed within the ordinary course of the partnership business, the partnership is also liable and bound to make good the loss."

436 N.E.2d at 347.

Ind.Code 23–4–1–13, under the Uniform Partnership Act, which the *McCloud* decision also relied upon, provides as follows:

> "Partnership bound by partner's wrongful act
>
> Sec. 13. Where, by any wrongful act or omission of any partner acting in the ordinary course of business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

The evidence indisputably shows that Edgar Husted was acting in the ordinary course of the business of the partnership when he made the misrepresentations to the Gwins. Therefore, we hold that both the partnership and deceased partner, Selwyn Husted,[3] are liable and bound to make good

---

**3.** The decedent Selwyn Husted was alive and a working partner at the time of Edgar Husted's wrongdoing. In fact, Selwyn, as the trial court found, was aware of a shortage of another client's funds some two years prior to January, 1979, as a result of Edgar's misconduct.

the loss. We reiterate the words of the *McCloud* court upon reviewing Ind.Code 23–4–1–13, that "[n]owhere is the knowledge of the other partners required before the partnership can be held liable." *Id.* 347.

■ When the Court of Appeals reviews a case in which a trial court has rendered findings of fact and conclusions of law, it will not set aside the trial court's judgment unless it is clearly erroneous. *In re B.C.*, (1982) Ind., 441 N.E.2d 208. Here, the trial court did not err in finding the partnership and the estate of Selwyn Husted liable for damages.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.

Selwyn even helped Edgar raise the funds to

