**FIRST BANK OF MADISON, Appellant (Plaintiff Below),**

v.

**The BANK OF VERSAILLES, David E. Christman, Lori B. Christman, and Treasurer of Jefferson County, Appellees (Defendants Below).**

No. 1–183A34.

Court of Appeals of Indiana, First District.

July 12, 1983.

Rehearing Denied Aug. 8, 1983.

George Leininger, Cooper, Cox, Jacobs, Reed & Barlow, Madison, for appellant.

Phillips B. Johnson, Versailles, for appellees.

ROBERTSON, Presiding Judge.

The First Bank of Madison is appealing from an adverse trial court ruling on its motion for relief from judgment.

We affirm in part, reverse and remand in part.

A summary of the facts shows that the First Bank of Madison held a first mortgage on the real property of the Christmans. The Bank of Versailles held a second mortgage on the same property. First Bank of Madison commenced foreclosure proceedings and named as defendants the Christmans, The Bank of Versailles, and the Jefferson County Treasurer, who had an interest in the property because of past due taxes. The complaint was prepared in the office of the First Bank of Madison's attorney using information received from the First Bank of Madison.[1] As it shall later appear, the complaint sought a judgment in an amount lower than the amount the First Bank of Madison says was due and owing. A foreclosure was obtained by means of a summary judgment which was unopposed and reflected the amounts stated in the complaint. The First Bank of Madison made the only bid at the sheriff's sale and it was in an amount in excess of the figures sought by the complaint. The First Bank of Madison asserts it is the true amount of the debt owed them by the Christmans. Because of the discrepancy between the two sets of figures, there was a surplus of funds that went to The Bank of Versailles after the distribution of the sale proceeds was made according to the judgment.

First Bank of Madison sought to claim the payment of funds made to The Bank of Versailles by filing a motion for relief from judgment based upon Indiana Rules of Trial Procedure, Trial Rule 60(A). The substance of the motion related the errors in the complaint and judgment and sought a substitution of the higher figures. The motion was accompanied by an affidavit made by First Bank of Madison's attorney who prepared the complaint and the summary judgment as well as an affidavit from a bank

---

1. That attorney is not the same attorney handling the appeal for the First Bank of Madison.

officer. A hearing was held with a subsequent denial of the T.R. 60(A) motion. The trial judge found in pertinent part:

1) That the judgment in this cause contains no clerical errors by the judge or other court officer.

2) That the sole issue raised in the motion does not go to the form of the judgment but to whether a different judgment should now be substituted for the judgment which was rendered.

3) That First Bank of Madison failed to timely file the appropriate and proper motion to cure the errors it claims in the judgment.

4) That the Amended Certificate of Sale filed May 5, 1981, should now be vacated.

5) That there is no just reason for delay in entering final judgment upon the motion.

6) That The Bank of Versailles shall have judgment against First Bank of Madison for the amount of the overplus and interest thereon.

T.R. 60(A), insofar as applicable, states: (A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the record is filed on appeal of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

■ The office of a T.R. 60(A) motion is to correct "clerical mistakes" and "errors therein arising from oversight and omission". Clerical errors and mechanical matters involved in making computations are included in this area. A T.R. 60(A) motion is not to be used for the purpose of correcting errors of substance. 4 *Harvey & Townsend, Indiana Practice,* §§ 60.3, 205.

First Bank of Madison's first argument concerns itself with the proposition that the trial court ruling is contrary to the evidence and the law.

A portion of the argument is directed to the finding that there was no clerical error attributable to the judge or other court officer. We have not been directed to, nor has our search revealed, authority indicating that the source of the purported error, standing alone, is determinative of reversible error. For that reason, we are of the opinion that the trial court's finding is surplusage, but not a reason to reverse the judgment.

■ A motion seeking relief from judgment is reviewable for an abuse of discretion. *Snider v. Gaddis,* (1980) Ind. App., 413 N.E.2d 322. To constitute an abuse of discretion, it must be shown that the trial court's action is clearly against logic and the effect of facts and circumstances before the court as well as the reasonable and probable inferences to be drawn therefrom. *Husted v. McCloud,* (1982) Ind.App., 436 N.E.2d 341. We are bound to affirm the trial court's decision if there is any legal ground in the record for affirmance, even if the trial court gives erroneous reasons for its ruling. *Husted, supra.*

■ Applying the foregoing to the facts of the case, we are of the opinion that the trial court had evidence before it indicating that the purported mistake was not in the nature of a mechanical or clerical error, but instead an error of substance. The trial court would have been justified in believing that the error came from the First Bank of Madison giving incorrect information to its then attorney and that, as shown by its subsequent bid at the sheriff's sale, the correct figures had been available all along. Additionally, because of the amount of discrepancy and the number sequence of the two sets of figures, the trial court was further justified in thinking that something other than a typing error or inadvertent numerical juxtaposition occurred.

■ The First Bank of Madison's next argument claims error in finding # 3 of the trial court's judgment stating that a timely and proper motion to correct the error was not made. A T.R. 60(A) motion is appropriate at any time the error or omission is discovered. Our view of the factual situation indicates that there was no intent

to use the T.R. 60(A) motion as a belated motion to correct errors. The T.R. 60(A) motion simply sought the correction of the judgment and we fail to see the untimeliness of the procedure. Even so, the finding does not constitute reversible error for the reasons heretofore stated.

The First Bank of Madison's final argument faults the trial court in two respects. It is argued that the vacation of the amended certificate of sale dated May 5, 1981,[2] and the granting of judgment in favor of The Bank of Versailles were matters not properly before the trial court in that they are not matters raised in the motion for relief of judgment.

We are of the opinion that the purpose of these two findings is to return the two banks to their respective positions as they existed at the time of the original return made from the sheriff's sale. This would be consistent with a finding that the alleged mistakes were not cured by the motion for relief from judgment as defined by T.R. 60(A).

There can be no serious question that the amended bill of sale was improperly granted if the trial court found that the First Bank of Madison was not entitled to relief from the judgment.

The use of the word "judgment" as it is used in finding # 6 is incorrect because there has been no trial of the issues on the merits which would support a judgment against First Bank of Madison as the term is normally used.

Since we find that the First Bank of Madison did not intend to file a motion to correct errors pursuant to T.R. 59, we are of the opinion that the trial court's finding # 3 is surplusage and should be stricken. In a like manner, finding # 6 erroneously grants a judgment to The Bank of Versailles and should be stricken from the judgment. The remainder of the judgment is affirmed in all other respects.

2. The First Bank of Madison secured an amended bill of sale to reflect the second and

Affirmed in part, reversed and remanded in part.

NEAL, J., concurs.

RATLIFF, J., concurs with opinion.

RATLIFF, Judge, concurring.

First Bank of Madison's motion was based upon Indiana Rules of Procedure, Trial Rule 60(A). That rule, in relevant part, provides: "*Clerical mistakes* in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court . . ." (Emphasis added.)

What First Bank of Madison sought in the way of relief was not the correction of a *clerical* error arising from oversight or omission. Rather, the relief sought was a change in the substance of the judgment. This cannot be accomplished through use of a T.R. 60(A) motion. "Matters of substance must be corrected by a motion for judgment on the evidence, correction of findings or judgment or to correct errors within the time prescribed by Rules 50, 52, and 59 or as otherwise provided in the new Rules." 4 W.F. Harvey & R.B. Townsend, *Indiana Practice,* § 60.3, at 205.

Writers commenting upon Rule 60(a) of the Federal Rules of Civil Procedure, from which our T.R. 60(A) was taken, agree that 60(a) does not furnish a vehicle for correcting errors of a substantial nature. Correction of such errors must be sought by proper motion under Rules 59(e) or 60(b). Wright & Miller, Federal Practice and Procedure: Civil § 2854. The correction of minor errors of a clerical nature should be granted freely under Rule 60(a), but errors of a serious or substantial nature are not included within that rule. 6A, Moore's Federal Practice, § 60.06.

The correction sought here was of a serious and substantial nature. The proper vehicle for obtaining correction, if allowable was a motion to correct errors under Trial

higher set of figures, thus deleting the surplus payment to The Bank of Versailles.

Rule 59.[1] Therefore, the trial court was correct in finding the judgment contained no clerical errors subject to correction pursuant to T.R. 60(A), and to that extent, the judgment should be affirmed.

The trial court erred, however, in vacating the amended certificate of sale and awarding judgment in favor of The Bank of Versailles and against First Bank of Madison for the reason that such issue was not properly presented to the court by First Bank's T.R. 60(A) motion (see discussion of proper function of T.R. 60(A) motions, supra). Such material and substantial modification of the judgment could not be made. This part of the judgment must be reversed.

For the reasons stated, I concur.

---

**1.** The case was tried on the merits. First Bank had to know of the defect within the sixty-day time limitation for filing a T.R. 59 motion to correct errors, consequently the motion to correct errors was the proper method to seek correction rather than 60(B). *Siebert Oxidermo, Inc. v. Shields,* (1983) Ind., 446 N.E.2d 332; *Snider v. Gaddis,* (1980) Ind.App., 413 N.E.2d 322, *trans. denied* (1981).